HIBLER VS SERVOSS.

1. In an action for slander, the pltff. alledged in his declaration, that the slanderous words were spoken in relation to his testimony in a suit, in which S. was pltff. and H. deft. and offered to substantiate this allegation by the record of a suit between S. and W pltff. and H. deft. the court held that there was no rational variance in the record, as the suit was in fact between S. as pltff and H. as deft. although there was still another pltff. and the record not being the foundation of the action, and not set out by its tenor, and the material point of enquiry being the existence of a judicial proceeding in which perjury might be committed, evidence aliunde was admissible to identify the record offered in evidence with the one referred to in the declaration.

2. But where the deft. in his plea of justification, alledged the existence of a suit in which pltff. had committed perjury between S. and S- as pltffs. and H. as deft. and offered in evidence the record of a suit between S. and W, as pltffs. and H. as deft. the court held that the variance was material, and the record property excluded, as the deft. having misdescribed the suit no proof could indentify it with the record which was contradictory and repugnant to the allegation.

Opinion of the court delivered by Napton Judge.

"This was an action of slander, brought by defendant in error against Servoss in the Chariton circuit court. The several counts in the plaintiffs declaration in substance alledge, that a suit had been pending and lately determined before one Hubbord Short, a justice of the peace, wherein, said Servoss was plaintiff and said Hibler defendant, and that the slanderous words charged were spoken of and concerning said suit and the evidence given by Hibler at the trial thereof. The defendant plead not guilty and justification. The plea of justification alledged, that the plaintiff had committed perjury in a suit that had been pending before said Short, wherein Hiram Servoss and Samuel Snowdown were plaintiffs and John Hibler defendant. On the trial, the plaintiff introduced a certified copy of the record of justice Short of a suit wherein Hiram Servoss and *Samuel S. Whitesides* were plaintiffs, and John Hibler defendant, having first proved that the plaintiff was sworn as a witness in the case and that the words were spoken of and concerning that suit. To this defendant objected, but the court overruled his objection and permitted the evidence to go to the jury. After the plaintiffs evidence was closed, defendant, in support of

his plea of justification, offered to give in evidence the same record of the suit between Servoss and Whitesides plaintiffs and Hibler defendant, but the court refused to permit the same to be read. Verdict and judgment were given for plaintiff. The decision of the circuit court, in permitting the record of the proceedings before the justice to be read in evidence by the plaintiff, and refusing to allow the same to be read by the defendant in support of plea of justification, is assigned as error in this court.

It is clear, that if the record had been the foundation of the action, or the record had been set out by its tenor, the slightest variance would have been fatal. But in this case, the declaration did not profess to set out the record of the justice with a prout patet per recordum, but merely vouched the same by the name of the justice, the names of the parties, the time of trial &c. In the case of Miller and Martin (2 Mo. Rep. 135) this court recognized the distinction between a declaration upon judgment, or one in which the judgment was the foundation of the action, and a case like the present, in which the declaration merely states the substance of the record, and where the material point of enquiry was the existence of a judicial proceeding, in which perjury might be committed. A variance in point of time between the record produced and the one prescribed in the declaration, was held not to be fatal. The court thought the material fact averred was the existence of a suit between the same parties and that evidence aliunde the record could be adduced to identify the transaction with the one described in the record. Altogether it appeared on the face of the record to have occurred at a different time from the time laid in the declaration.

This decision was made on the authority of Purcell v Macnamara, 9 East. 157, and that decision as well as the case in East, seems to rest on the principle, that the fact relating to the time was not a material fact in the allegation, and not having been alledged with a prout patet per recordum, the plaintiff is not held to strict proof.

Whether the principle of the decision of Miller and Martin will reach the names of the parties as well as the time

AUGUST TERM
1839.

Hibler,
vs,
Servoss,

laid in the declaration, may be tested by the reason of the rule. The names of the parties are certainly no more descriptive of the proceedings before the justice than the date of the trial, and if the existence of the identical suit set forth in the plaintiffs, declaration can be established, an imperfect description of its title would not be fatally defective.

The case of Rex v. Benson (2 Camp 503) settles this question so far as authority can go.

This was an indictment for perjury in answer to a bill in chancery, and the bill was stated in the indictment to have been filed by one T. "against the said William Benson and another." In fact, the bill was filed against Benson, one Davis and the Attorney General; Lord Ellenborough said, "in point of fact, the bill was filed against Benson and another, although there was still a third defendant. The question was material as between T. and Benson, and it would have been quite enough to have stated that the bill was filed against the latter. I do not think it any material variance that the bill is alledged to have been filed against him and another.

So an allegation in perjury that the oath was taken before E. W., one of the justices of assize, is proved by evidence that it was taken before E. W., and another justice of assize, 3 Stark. ev. 1585 citing Leach's C.C. 1. 179.

From these cases it may be inferred that the allegations in the declaration in relation to the names of the parties, and the name of the court, was not held to be so material as to require the party to set out either at large, and he consequently was allowed to fill up by oral testimony the deficiencies of his declaration.

The case now before the court stands upon the same grounds. The plaintiff alledged in his declaration that the slanderous words were spoken in relation to his testimony in a suit, in which Servoss was plaintiff, and Hibler defendant. He offered to substantiate this allegation by the record of a suit between Servoss and Whitesides as plaintiffs, and Hibler defendant. In point of fact, as Lord Ellenborough said in Rex against Benson, it was a suit between Servoss and Hibler, although there was still another plaintiff.

In an action for slander, the pltff. alledged in his declaration, that the slanderous words were spoken in relation to his testimony in a suit, which S. was pltff and H.

AUGUST TERM 1839.

Hibler, vs, Servoss,

But the defendant in support of his plea of justification, offered to read the same record of the suit between Servoss and Hibler, and the court very properly excluded it. The names of the parties were certainly no more material in this case than the other, but no proof in this case could indentify the record.

The plaintiff had made an imperfect description of the suit, which was correct as far as it went, and this imperfect allegation he could supply by testimony aliunde. But the defendant in his plea misdescribed the suit. He averred a suit of Servoss and *Snowdown* against Hibler, and offered the record of a suit of Servoss and *Whitesides* against Hibler. No proof could reconcile these transactions to be the same, and his averments and proof were contradictory and repugnant. The defendant thought proper to describe all the plaintiffs, and must be held to his description, but the plaintiffs proof was ro wise inconsistent with his allegations.

And this is all I apprehend, which the cases, cited by the counsel for the plaintiff in error, go to establish. These cases may well be reconciled with the decision of Lord Ellenborough in Rex v. Benson.

In the case of Woodford v. Ashby (2 Camp. 193) the declaration which was for a malicious prosecution, alledged that the person prosecuting was acquitted by a jury in the court of our Lord the King, before the King himself at Westminster, before the chief justice," and the record showed that the trial took place before the chief justice at Nisi Prius. The plaintiff having undertaken to set out the particular court before which the trial took place, could not be allowed to prove that it was a different one from the one described.

Rex v. Taylor (2 Camp. 404) which was an indictment for perjury, the indctment proposed to set out the substance of a deposition before a magistrate, and supplied a word, necessary to the sense which had been omitted in the deposition, and the variance was held fatal. This is not at all apposite to the present case, as the deposition was clearly a material matter in the prosecution, so the case of Rotale v. Shutter (1 H. Bl. R. 49) is an instance of an action founded on judgment, and that a variance in such is fatal, is indispu-

deft. and offered to substantiate this allegation by the record of a suit between S. & W. Pltffs. and H. deft. the court held that there was no material variance in the record, as the suit was in fact between S as pltff. and H. as deft. although there was still another pltff. and the record not being the foundation of the action, and not set out by its tenor, and the material point of enquiry being the existence of a judicial proceeding in which perjury might be committed, evidence, aliunde was admissible to identify the record offered in evidence with the one referred to in the declaration. But where the deft. in his plea of justification, alledged th-

AUGUST TERM 1839.

Hibler, vs, Servoss,

existence of a suit in which pltff. had committed perjury ; between S. & S. as pltffs. and H. as deft. and offered in evidence the record of a suit between S. & W. as pltff. and H. as deft. the court held that the variance was material, and the record properly excluded, as the deft. having misdescribed the suit no pro f could identify it with the record which was contradictory and re pugnant to the allegation.

table. Upon the whole, the court committed no error, either in allowing the plaintiff to give in evidence the record in support of the allegations of his declaration, or ir refusing to allow the defendant to read the same to sustain his plea.

Judgment is affirmed.

Davis for Plaintiff.

"It is contended that in this action, it being for a charge of perjury, the plaintiff in order to show that the charge "swore a lie," implies perjury, must allege that the words were spoken in reference to some legal proceeding in which perjury may be committed by a witness. See Mahan vs Berry 6th semi-annual of 5th vol. Mo. decisions.

And that in this case the declaration must show a judicial enquiry, and although the record of which is not the foundation of the action, yet it is indispensable o the action, and that the party must describe the trial by the name of the justice, the names of the parties, the dates, place &c. and that a variance in the description of the record from the allegation in the declaration is fatal see 3 Starkie evi. 1598, to 1602, 1st Phillips evi. 172, see Rastall vs Shanton H. Blackstones R. 49, 2 Camp R. 493, Woodford vs Ashby. Goodis vs Wheatly, 1st Camp Rep. 231 "Rex vs Taylor 404. Martin vs Miller, 3 Mo. decision 135, Coleman vs Edwards 4 Bibb 347."

Clark for defendant.

1. The name and style of the suit tried before the justice was not alledged by the plaintiff as descriptive of the justices record, and that the variance in the names is therefore immaterial, 2d, Mo. Rep. Martin vs Miller 135, 3d, Starkie ev. 1593–8, 4th Camp. N. P. R. 36, 8th John Rep. 455, 9th East 157, 3d, Starkie 1584–5.

2. That an allegation in a declaration that a suit had been depending between S. plantiff and H. defendant is satisfied by proof of a suit between S. and W. plaintiffs, and H. defendant, all that was alledged being true, the additional name not being contradictory or repugnant to the aver-

ment, 3d, Starkie evi. 1584–5 and the authorities there cited 2d Camp. N. P. Rep. 508 pr. L. Ellenborough.

3. "That the averment of the existence of the suit, before the justice was not verified by the record and if taken must strongly against the plaintiff was only an imperfect description and could be supplied by proof aliunde the record which was done in this ' case, see authorities cited above."