Dowd *v.* Winters.

Dowd, Appellant, *vs.* Winters *et al.*, Respondents.

1. An allegation in a petition for slander that the defendant charged the plaintiff with swearing falsely in a judicial proceeding between A., plaintiff, and B., defendant, is sustained by proof of such a proceeding between A., plaintiff, and B. and C., defendants. (*Hibler* v. *Servoss*, 6 Mo. Rep. 24, affirmed.)
2. The supreme court will not refuse to set aside a nonsuit taken upon the rejection of material evidence necessary to the plaintiff's recovery, because the record does not show that the plaintiff was prepared with proof upon the other material facts of the case, or because the evidence may possibly have been rejected for the reason that it was offered out of the order of time prescribed by the court trying the cause.

*Appeal from Weston Court of Common Pleas.*

This was an action of slander against Jacob Winters and Elizabeth, his wife. The petition states that Mrs. Winters had charged the plaintiff with false swearing, and that this charge was made in reference to material testimony given by the plaintiff upon the trial of a certain cause between the city of Weston, plaintiff, and Elizabeth Winters, defendant, lately had before Thompson Ward, mayor of the city of Weston, who had jurisdiction of the cause and was authorized to administer oaths.

The answer put in issue the jurisdiction of the mayor and the materiality of the testimony given by plaintiff. At the trial, the plaintiff offered in evidence the record of a proceeding of the city of Weston against Jacob Winters and Elizabeth Winters. The court excluded this record, whereupon the plaintiff took a nonsuit.

*Hall*, for appellant, cited *Hibler* v. *Servoss*, (6 Mo. Rep. 24,) upon the point that there was no variance.

*Gardenhire*, for respondent, insisted that the nonsuit ought not to be set aside, because the record contained no evidence whatever in relation to the jurisdiction of the court and the materiality of the testimony, both of which were necessary to a recovery. The plaintiff ought to have offered enough evidence to induce a reasonable belief that he could recover if put back in court again. At least, he should have offered the evidence necessary to show that the rejected evidence was competent.

LEONARD, Judge, delivered the opinion of the court.

The facts put in issue by the pleadings are the jurisdiction of the mayor's court, and the materiality of the testimony given upon the trial there.

In the briefs submitted to us, it has been insisted, on the part of the appellant, that there is no variance between the allegation and the judicial proceeding offered in evidence, and therefore, the nonsuit ought to be set aside; and on the part of the respondents, that the plaintiff gave no evidence of the jurisdiction of the mayor's court, (the act conferring jurisdiction upon him not having been put in evidence,) without which the plaintiff could not have recovered; and that, for that reason, the nonsuit ought to stand.

1. The allegation is of a judicial proceeding between the city of Weston and Elizabeth Winters, and the proof offered of a judicial proceeding between the city of Weston and Elizabeth Winters and her husband, Jacob Winters; and that this is no variance, is settled in *Hibler* v. *Servoss*, (6 Mo. Rep. 24,) which must control this point.

2. In order to make out the jurisdiction of the mayor's court, and the materiality of the plaintiff's evidence before him, it was necessary to show in evidence the alleged judicial proceeding. The law has not prescribed the order in which parties shall introduce their evidence upon a trial, but has left the matter to the discretion of the tribunals in which the trials occur ; and the courts, in practice, generally leave it to the parties themselves, to take their own order, in the introduction of their testimony. According to the course of business, the rejection of any material evidence, offered by the plaintiff and necessary to his recovery, puts a stop to the trial at the point where it occurs, the party taking a nonsuit and bringing his case here, if dissatisfied with the opinion ; and this court, construing the record with reference to the practice, has never, we believe, refused to set aside a nonsuit, where the evidence was improperly rejected, either on the ground that it did not appear on the record that the plaintiff was prepared with proof on the other material facts of his case, (*Hart* v. *Rector*, 7 Mo. Rep. 532,) or because the evidence may have been rejected on account of its being introduced out of the order of time prescribed by the court.

We think, then, there being no variance in the point stated, and no other objection being suggested to us, that the proof was improperly rejected, and that the judgment must be reversed, and the cause remanded for a new trial ; and the other judges concurring, it is so ordered.