## PALMER *vs.* CRANE.

1. Where, in a suit by attachment, the sheriff makes a false return, by which the plaintiff is prevented from obtaining a judgment, he may proceed immediately against the sheriff, without further prosecution of his attachment.

2. A writ of error will not lie on the judgment of the court overruling a demurrer. A final judgment on the demurrer must also be rendered.

### ERROR to Montgomery Circuit Court.

Cave, *Attorney for Plaintiff in Error.*

The court erred in overruling the plaintiff's demurrer to second and third pleas, because the plaintiff's declaration is good in form and substance, and the defendant's second and third pleas are bad.

2d. The court erred in giving judgment against the plaintiff for costs.

*1st point,* as to overruling plaintiff's demurrer, see the following authorities, to show that all the concatenating circumstances are alleged to make a good declaration in that form of action.— See 2 Chitty, 738, and note (F); *Ibid.*, 740; *Ibid.*, 253, note (q); 1 Chitty, 417, and 265, note (q), on same point.

*2d,* as to judgment in case, 2 Chitty, 738, and note (F); *Ibid.*, 417, and 265, note (q).

*3d.* The vagueness of sheriff's return should not be construed in his favor, when we have met it, and alleged it to be false. As to allegation of false return,

see 2 Chitty, 740; 2 Phillips' Ev., 394, 5: a general allegation sufficient, but we have particularized what part of return is false.

Having shown the declaration to be, at least, substantially good, we proceed to examine the two pleas demurred to:

1. As to the first special plea, it is bad in form and substance, being a special plea, amounting to the general issue.—See 1 Chitty, 557; *Ibid.*, 536; *Ibid.*, 165, 166.

2. The defendant's second special plea being the last plea, is bad in form and substance: first, as to form, because the judgment of the Court referred to in plea was not embodied in said plea; second, it is not certain in regard to time, which makes said plea substantially bad. See, as to certainty of plea, 1 Chitty, 571, 588.

And here we contend, if said third plea is true, that we dismissed an action against a third person, that is no purgation of the wrong done by the sheriff, and therefore it is no bar to our action: nor is it requisite for the plaintiff in the original action to go on and get judgment against the original defendants, where a false return is charged on mesne or original process, because if that be true, the sheriff prevented us from getting judgment against the original defendants.—See Attachment Law of 1839, sec. 3; *Ibid.*, 1835, sec. 6, clause 4, and sec. 17: on levy and return, see Laws, 1835, sec. 51 and 8: as to publication, and special judgment, and execution, *Ibid.*, sec. 10 and 11: as to judgment and execution, see sec. 18: as to official bond, see section 37, second and third clauses, and sec. 40 and 41: on taking bond, and selling goods, which, if done, he perhaps should show in special plea, Laws of 1835, p. 450, sec. 1: as to original writs, see Laws Attachment, 1839: defendant's right to disprove judgment in three years, see sec. 16: see 2 Phillips' Ev., what proof necessary for false return of mesne process, p. 237:⁓*Ibid.*, 15 Johns., 267; *Ibid.*, 456; 5 *Ibid.*, 356; 7 *Ibid.*, 555; 14 *Ibid.*, 195.

Then there is no statutory prohibition as to suing a sheriff for a wrong of this description, it being a wrong at common law, and this remedy, one which will generally lie in all cases where trespass, trover, detinue or replevin cannot be brought, &c.; which disposes of the first error assigned.

*2d Error:* the Circuit Court erred in giving judgment to plaintiff for costs, &c.

LEONARD and BAY, *Attorneys for Defendant.*

1. The second plea is good in substance; the plea may be defective as amounting to the general issue, but such defect can only be reached by a special demurrer; here the demurrer is general.—1 Chitty's Plead., 559.

2. The third plea contains a good defence to the plaintiff's action. If the plaintiff "did not prosecute his suit of attachment in the Montgomery Circuit Court with effect, but voluntarily abandoned the same," he certainly has no cause of action against the defendant in the attachment. It was necessary for the plaintiff to establish a demand against the defendant in the attachment, by the judgment of the court, before the sheriff could become liable to him for any illegal

disposition of the property levied upon. By abandoning his suit, the plaintiff, in effect, admits, that he had no cause of action against the defendant in the attachment, and consequently none against the defendant in this suit.

3. The declaration sets forth no cause of action. The property levied upon belonged, in law, to the defendant in the attachment, until the plaintiff had established his demand, by judgment of the court, and until the property was levied upon, under a special *fieri facias*, to satisfy such judgment. It was necessary for the plaintiff to aver, that he had obtained judgment against the defendant in the attachment, and to show a failure of the sheriff to sell the property under the *fieri facias*, and apply the same to the satisfaction of the plaintiff's judgment, before he could have any cause of action against the sheriff.—See Rev. Stat. of 1835, title, "Attachments," sec. 6, 41, 51; pp. 77, 81, 82; Bartlett, 10 Mass., 477; Young *vs.* Hosmer, 11 *Ibid.*, 88; Rich *vs.* Bell, 16 *Ibid.*, 294; Mather *vs.* Green, 17 *Ibid.*, 61; Whitaker *vs.* Sumner, 9 Pick., 308.

TOMPKINS, J., *delivered the opinion of the Court.*

This is an action of trespass on the case, brought in the Circuit Court of Montgomery county, by Palmer, the plaintiff in error, against Cram, sheriff of said county. The declaration contains two counts. The first count states, in substance, that N. and S. Lichton, being indebted to the plaintiff by bond, he, the plaintiff, on the 19th August, 1842, sued out a writ of attachment against them, returnable to the October term of that court, then next, and that, on the following day, he delivered that writ to Cram, the defendant; and that, on the said day, the defendant levied the writ on property of the said N. and S. Lichton; and that, afterwards, the said defendant, Cram, in order to hinder the said plaintiff, Palmer, in the collection of his said debt, voluntarily sold and delivered the said property, and converted the same to his own use, the plaintiff's debt being still unpaid; and that Cram, the sheriff, afterwards, falsely returned on said writ, that he had executed it on the 20th of October, 1842, upon certain goods and chattels of said Lichton, in his return described, said goods being in the custody of the sheriff of said county, under an execution in favor of Aaron Reter, for the sum of $3,059 75, issued from the Court of Common Pleas of St. Louis, previously levied on them, and that the defendants, Lichton, were not found in Montgomery county.

The second count states, that the sheriff levied on the goods, with intent to hinder, &c., and then made the same false return.

The defendant pleaded two pleas, *viz.:*

1st. That he did not sell said goods and chattels, and convert the proceeds of the same to his own use; and concludes to the country.

2d. That the plaintiff did not prosecute his suit of attachment in the Montgomery Circuit Court with effect, but voluntarily abandoned the same, and concludes with a verification. To these pleas the plaintiff demurred. His demurrers were overruled; the court gave him judgment for costs, and he, the plaintiff, proceeds by writ of error, to reverse the judgment.

1st. Was it material to the merits of this cause, whether the sheriff, defendant

in the cause, sold the goods, and converted the proceeds of the sale to his own use? The injury complained of was, that the sheriff made a false return. He made a return, that no goods of the defendant in the attachment could be found, except some already levied on to satisfy executions, and that the defendants in the attachment were not found in his county. In neither case could he, Palmer, prosecute his suit in attachment to a judgment against the defendant: for neither goods nor chattels of the defendant being found, Palmer could not obtain a judgment in rem., there being no property attached to give the court jurisdiction in rem.; and the defendant himself not being found, jurisdiction over the person was not taken. Palmer, then, after this return of the sheriff, Cram, could not prosecute his suit against Lichton to judgment, because no property was found, by which he could be attached, and also, Lichton himself was not found. (See 4 McCord, 372. After an escape, the plaintiff may proceed immediately against the sheriff, without further prosecuting his suit against the principal; so, for a false return. The demurrers to these two pleas, then, should have been sustained, and if any judgment on the demurrers had been entered up against the plaintiff, Palmer, that judgment would now be reversed. The entry is, "That it is considered by the Court, that the said second and third pleas, &c., are good, &c., to bar and preclude the plaintiff from having and maintaining his action thereof, &c., and that the plaintiff's demurrers be overruled; and it is further considered, that the defendant recover his costs, &c., and that he have execution."

A final judgment is entered thus: "Therefore it is considered, that Palmer take nothing by his writ, &c., and that the said Cram go thereof without day, &c. (1 Saunders, 198.) The writ of error having been improvidently issued, when no final judgment had been rendered, there is no cause judicially before the Court, and the writ of error must be dismissed."