SCHULTER'S ADMINISTRATOR, Plaintiff in Error, *vs.* BOCKWINKLE'S ADMINISTRATOR, Defendant in Error.

1. The supreme court will not interfere, where a plaintiff voluntarily submits to a nonsuit upon the refusal of the court below to strike out an insufficient answer.

2. The statutory proceeding against an administrator to enforce the specific performance of an agreement by his intestate to convey land, is permitted only where the contract is in writing. In other cases, the proceeding must be under the general law, and all persons having an interest in the land must be made parties.

*Error to St. Louis Circuit Court.*

This was a proceeding to enforce the specific performance of an agreement alleged to have been made by the defendant's intestate to convey to the plaintiff's intestate the unexpired

term of a lease for ninety-nine years, of a lot in the Carondelet common. Accompanying the petition was a translation of the agreement purporting to have been made between the parties, but not signed by either of them. The petition stated that the plaintiff's intestate took possession of the land, in his life-time, under the agreement, and that the purchase money was all paid. The answer admitted the taking possession and the payment of the purchase money, but set up that there was no agreement in writing signed by the parties, as required by the statute of frauds, and that the suit should have been brought in the name of the heir and not of the administrator. The defendant claimed the same advantage from the defect of parties, as if he had demurred. The plaintiff moved for judgment on the answer, and his motion being overruled, he submitted to a nonsuit and brings the case here by writ of error.

*S. A. Holmes,* for plaintiff in error.

*C. B. Lord,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

In this case, the plaintiff, conceiving that the answer of the defendant admitted the material facts stated in the petition, and that he was entitled to a decree, moved for such decree, but the court overruled the motion. The plaintiff then came voluntarily and suffered a nonsuit, and having moved to set it aside, brings his case here by writ of error.

1. This court has entertained jurisdiction in cases where the Circuit Courts have, upon the trial of causes, decided questions which covered the plaintiff's case and obliged him to submit to a nonsuit. But when parties voluntarily suffer nonsuits, we do not interfere. If it was allowed to plaintiffs to take nonsuits on every motion they might make, and which the court might overrule, and then bring the case here to test the correctness of the decision upon the motion, this court would be filled with cases, in all different stages of progress, and every question of practice might be brought here to be settled before the merits of the

case were reached. Although the court refused to give judgment on the answer, on the motion made by the plaintiff, there was still to be a hearing of the cause, and until that hearing, there could be no decision by which the plaintiff was obliged to take a nonsuit.

2. The defendant, in his answer, insisted that there were not proper parties made in the cause. The agreement between Schulter and Bockwinkle, stated in the petition, was, that Bockwinkle, for a certain consideration, was to assign to Schulter a term of ninety-nine years in a lot in Carondelet, which Bockwinkle held by assignment from the original lessee. The petition alleges that the consideration was paid, and that possession was taken and held under the agreement, and says that the terms of the agreement were reduced to writing, but does not allege that any memorandum of the agreement was signed, and the paper filed with the petition does not purport to be signed by the parties. Whether Bockwinkle left a widow and children does not appear. If he left a widow, she was entitled *prima facie* to dower in the property as real estate, (R. C. 430, sec. 1,) and unless the case were one which came within sections 36 and 42 of art. 3 of the administration act, the proceeding should have been against all parties having an interest in the property, under the general law, and not against the administrator alone. The special statutory proceeding for the specific execution of agreements against the administrators of vendors, is only allowed where the agreements are in writing. Sec. 36. This case does not come within that statute. The Circuit Court might then, with great propriety, decline giving judgment for the plaintiff on his motion, and if he desired to have his case decided upon the petition and answer, he should have waited until it came up regularly for hearing, and not voluntarily have suffered a nonsuit. The judgment is affirmed, with the concurrence of the other judges.