Dumey *v.* Schoeffler.

was cut or hauled off, was his own land bought of Pearson. This instruction was refused, and the defendant excepted.

The plaintiff had a verdict for ten dollars, and the defendant appealed.

*Ansell*, for appellant.

*Guitar*, for respondent.

DUMEY, Appellant, *vs.* SCHOEFFLER *et al.*, Respondents.

1. The supreme court will not disturb a non-suit voluntarily taken by a plaintiff, upon the overruling of a motion to strike out a part of the defendant's answer. (*Schulter* v. *Bockwinkle*, 19 Mo. Rep. 647, affirmed.)

*Appeal from Chariton Circuit Court.*

This was a petition by Dumey against Schoeffler and wife to recover possession of certain real and personal estate. The petition stated that, by the last will of Frederick Heneger, his

widow became entitled to the property in question during her life or widowhood, and that she had since intermarried with the defendant, Schoeffler, whereby the plaintiff and Sarah Dumey, an infant, (who was made a defendant, her guardian refusing to join as plaintiff,) by the terms of the will became immediately entitled to the possession of the property.

Schoeffler and wife answered, setting up, among other things, that so much of the will as required her to surrender the property upon her marriage was void.

A motion to strike out this portion of the answer was filed and overruled, whereupon the plaintiff voluntarily submitted to a non-suit, and appealed to this court.

*Clark*, for appellant.

*J. Davis*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case presents the point of a petitioner taking voluntarily a non-suit, because the court below refused to strike out a part of the defendant's answer. There was no compulsion by the court for this plaintiff to take this non-suit.

The case should have gone on, and the points involved have been settled by the court upon proper instructions, so that there might have been a judgment for one or the other parties upon the matters in the answer and petition, which remained after the petitioner's motion to strike out a part of the answer had been overruled.

In cases where the giving or refusing to give instructions may affect the party's right to maintain his action, there the ruling of the court may force a party to take a non-suit; in such cases, this court will look into the judgment and decision of the lower court thus forcing the non-suit on the petitioner, and will affirm or reverse, as the law may be.

1. In the case of *Schulter's Adm'r* v. *Bockwinkle's Adm'r*, (19 Mo. Rep. 647,) this court held, that we would entertain jurisdiction in cases where the courts below have, upon the trial of causes, decided questions which covered the plaintiff's case,

and obliged him to submit to a non-suit. But where parties voluntarily suffer non-suits, we do not interfere. If it was allowed to plaintiffs to take non-suits on every motion they might make, and which the court might overrule, and then bring the case here to test the correctness of the decision upon the motion, this court would be filled with cases in all different stages of progress, and every question of practice might be brought here, to be settled before the merits of the case were reached. Although the court refused to give judgment on the answer on motion made by the plaintiff, there was still to be a hearing of the cause, and, until that hearing, there could be no decision, by which the plaintiff was obliged to take a non-suit." The case now before us comes fully within the principles of the case cited from 19 Mo. Rep. Here, a motion was made by plaintiff to strike out a part of the defendant's answer. This motion was overruled, and thereupon the plaintiff takes voluntarily a non-suit. He was not compelled to this course; he could have had the decision of the court upon the legal effect of that part of the answer, upon asking proper instructions. His case was not decided by the court below upon the motion to strike out, and we will not suffer the parties to come here upon every motion which is overruled or sustained, by a voluntary non-suit.

This court formerly held, under the old practice, that a writ of error would not lie on the judgment of a court overruling a demurrer; a final judgment on the demurrer must also be rendered. (*Palmer* v. *Cram*, 8 Mo. Rep. 619.) Upon the case, then, as it appears the party was not forced to take this non-suit, as the action of the court below did not cover his whole case, we must let the judgment below stand. We say nothing about the merits of the matter in controversy—nothing about the correctness of the action of the court below in refusing to strike out that part of the answer. The plaintiff went out of court, of his own accord, and we let him take his own course. Judgment affirmed; Judge Scott concurring.