SONE, Plaintiff in Error, v. PALMER, Defendant in Error.

1. If a plaintiff voluntarily suffers a nonsuit before the court has made any ruling prejudicial to him, the supreme court will not interfere.
2. To render an assignment of a patent right or of an undivided part thereof valid, it is not necessary that it should be recorded in the United States patent office; the assignee will have a vendible interest without such record.
3. A clerk in the patent office, whose employment consists chiefly in making examinations in relation to assignments and other papers recorded and filed in the office, is a competent witness to prove what documents are of record or on file in said patent office.
4. Where a party relies upon an instrument purporting to have been executed by an agent, he must prove the agent's authority.

*Error to Moniteau Circuit Court.*

This was an action commenced before a justice of the peace on a promissory note for one hundred and fifty dollars, dated October 5, 1855. At the trial the plaintiff read in evidence the note and rested. The defendant then offered to read the deposition of one William F. Hall, taken in Washington city. In this deposition Hall stated that he was then a clerk in the United States patent office; that his business in the office was chiefly to make searches and examinations in relation to assignments and other papers recorded and on file in said office; that he had carefully examined the records of assignments of patents and found no assignment to L. D. Sone of record prior or subsequent to October 5, 1855,

of a patent to Moses D. Wells, December 14, 1852. The plaintiff objected to the reading of this deposition on the ground that it did not appear that said Hall was the keeper of the records in the patent office or that he had access to all the records of assignments of patent rights. The court overruled the objection and admitted the deposition. The defendant then read in evidence two deeds—one dated October 2, 1855, the other October 5, 1855. By these deeds plaintiff Sone assigned to defendant Palmer the exclusive right to vend Wells' seed planter in certain counties in the state of Missouri. In these deeds there were recitals of assignments duly recorded in the patent office from Moses D. Wells to Alpheus Wells, and from the latter to Isaac Scott. The plaintiff then offered, as appears from the bill of exceptions, " to read in evidence a certain deed to him dated March, 1855, conveying to said Sone, by one J. M. Leach for Isaac Scott, the right to sell said patent in said counties." This deed was excluded on the objection of defendant. The plaintiff thereupon suffered a nonsuit, with leave, &c.

*Batte* and *White*, for plaintiff in error.

I. The court erred in permitting the deposition of Hall to be read. It was not the best evidence the nature of the case would admit of. He was only an employee in the patent office. It does not appear who employed him. It does not appear that he was there by authority of law; that he had access to all the records of assignments, or that he was keeper of the records of assignments in said office. (7 Pet. 685; 1 Greenl. Ev. 485.) The court erred in excluding the deed from Scott. It was competent for the plaintiff to show what sort of a title he conveyed to defendant. Plaintiff could show that even if there was an irregularity in the conveyance to plaintiff, yet that defendant was aware of the irregularity at the time of his purchase. The deeds contained no covenants of warranty. They only purport to convey the interest that Sone had in the counties mentioned. It is not pretended that any false or fraudulent representations were

made to defendant, or that Sone had sold to any one else, or that defendant has been in any way molested or hindered in the enjoyment of the rights acquired by him under the deed. (16 Mo. 411 ; 21 Mo. 338.) It was improper for the court to hear any evidence as to whether one deed had been recorded in thirty days from its execution. The assignment was not void for want of record.

*Parsons*, for defendant in error.

I. The deposition of Hall was properly admitted.

II. The deed of assignment offered in evidence by plaintiff was properly excluded. What authority Leach had to assign any right of Scott does not appear.

RICHARDSON, Judge, delivered the opinion of the court.

There is nothing in the record that discloses the consideration of the note sued upon ; but it is conceded by the counsel that it was executed in consideration of an assignment, by the plaintiff to the defendant, of the right under the patent to Moses D. Wells for his seed planter for a specified district in this state. The defendant, erroneously assuming the law to be that the plaintiff had no vendible interest in the patent because he had failed to have the assignment to him recorded in the patent office at Washington, rested his defence upon simply proving that there was no record in the patent office of an assignment to the plaintiff. All the evidence introduced by the defendant did not tend to make out his defence and amounted to nothing ; but, although it was admitted, we see no reason why the plaintiff voluntarily suffered a nonsuit. The court had not instructed the jury on any question of law, and had not improperly ruled any point in the case to his prejudice ; and this court will not interfere when parties voluntarily suffer nonsuits before any improper decision hurtful to their case has been made. (Schutler's Adm'r v. Beckwinkle's Adm'r, 19 Mo. 647.)

The eleventh section of the act of Congress of 1836, chap.

35—VOL. XXVIII.

357, provides that every patent shall be assignable, either as to the whole interest, or any undivided part thereof, by any instrument in writing ; which assignment — and also every grant and conveyance of an exclusive right under any patent to make and use, and to grant to others to make and use, the thing patented within and throughout any specified portion of the United States — shall be recorded in the patent office within three months from the execution thereof. But it is not declared that the assignment, if not recorded, shall be void ; and it is held that the recording of an assignment is not indispensable to its validity, and that the statute is merely directory, for the protection of *bona fide* purchasers without notice. (Brooks v. Bryan, 2 Story, 526 ; Pitts v. Whitman, id. 614.)

The only objection taken by the plaintiff to the reading of Hall's deposition was that it did not appear he was the keeper of the records in the patent office. But the witness testified that he was a clerk in the office, and that his employment consisted chiefly in making examinations in relation to assignments and other papers recorded and filed in the office ; and we think he was quite as competent to prove what documents were in the office as the head of the bureau.

The assignment to the plaintiff from Scott is not contained in the bill of exceptions, but it is stated that it purports to have been executed by J. M. Leach for Scott. As the defendant had made no case, it was unnecessary for the plaintiff to offer any rebutting evidence ; but as he chose to present a paper purporting on its face to have been executed by an agent, the court properly required him to produce the agent's authority.

The other judges concurring, the judgment will be affirmed.