GENTRY COUNTY, Appellant, v. BLACK & SEAT, Respondents.

*Practice—Nonsuit.*—Where the plaintiff needlessly takes a nonsuit, the Supreme Court will not relieve him.

*Practice—Evidence.*—Where an instrument sued upon is set forth in the petition and admitted in the answer, it is not error in the court to refuse to allow the instrument to be read as evidence upon the trial.

*Appeal from Gentry Circuit Court.*

*Welch*, attorney general, for appellant.

*Lewis & Shambaugh*, for respondents.

DRYDEN, Judge, delivered the opinion of the court.

The appellant sued the respondents on the following bond:

" Twelve months after date, we, or either of us, promise to pay to the County of Gentry, in the State of Missouri, the sum of six hundred and fifty-four dollars, with ten per cent. interest from date till paid ; it being the sum for which the following described tracts of swamp or overflowed lands were sold, by order of the County Court for said county, to Adam Black, one of the undersigned, at the courthouse door in the town of Athens, on the fourth day of December, 1855, to-wit: [Here follows the description of the three tracts sold, and the rate per acre at which each sold.]   Now, if the title to said tracts of land, or any of them, shall be confirmed to said county as such swamp or overflowed lands, then this bond to be valid and remain in full force and virtue in proportion to the amount confirmed to said county, and to be null and void in proportion to the amount not confirmed to said county. Witness our hands and seals, this 14th day of December, A. D. 1855.                    ADAM BLACK,      [L. S.]
                                   JASPER SEAT, ·   [L. S.]
                                   BENJAMIN L. UROE, [L. S.]"

The petition, after setting out the bond and its condition in due form, contains this averment, viz: " Plaintiff alleges

that the title to all said tracts of land has been confirmed to said county, and that said county is ready and willing to convey the same to the purchaser thereof upon the payment of said purchase money," but alleges nonpayment, and asks judgment for debt and interest.

The bond and the condition thereof, as stated in the petition, are expressly admitted by the answer, but it denies that the title to the lands, or any of them, was confirmed to the county *within twelve months from the date of the bond.*

In this condition of the issues, the parties went to trial, when the plaintiff (for what purpose we cannot say) offered the bond in evidence, to the reading of which the defendants objected (for what reason the record does not show); and, their objection being sustained by the court, the plaintiff thereupon voluntarily suffered a nonsuit, which the court afterwards refused to set aside; and the rejection of the evidence and the refusal to set aside the nonsuit are assigned for error.

The court committed no error either in rejecting the bond or in refusing to set aside the nonsuit. The bond was distinctly admitted by the answer; there was no issue in the cause which it in the slightest degree tended to prove; and while we cannot see that its introduction could have done the defendants any harm, it is plain it could do the plaintiff no good. The real controversy between the parties had relation to the confirmation, or rather to the *time of the confirmation,* of the title of the lands. Before this point was reached, before the court had committed any error or made any decision affecting the result of the trial, the plaintiff needlessly took a nonsuit. In such case, this court has no power to relieve. The nonsuit must stand. In the present position of the case, we cannot with propriety give, and therefore forbear giving, any opinion upon the merits.

Let the judgment be affirmed; Judge Bates concurring. Judge Bay absent.