KIRBY & MENSE, Plaintiffs in Error, *v.* BRUNS & BRUNS, Defendants in Error.

1. *Equity — Improvements by husband on land of wife — Value of, reached by his creditor .—* The value of improvements placed by the husband on the land of the wife may be reached through appropriate chancery proceedings, and the amount thereof applied to the payment of claims existing against him at the time of such investment; in such case, when the estate can not be successfully apportioned in partition, chancery will decree a sale of it, and a division of the proceeds according to the rights of the respective parties.

2. *Practice, civil — Case involving law and equity — Voluntary non-suit, effect of.—* Where a suit involving legal and equitable proceedings was laid before a jury, and plaintiff voluntarily took a non-suit of the case without submitting the equity branch to the court at all, this court will not relieve him.

*Error to First District Court.*

*White,* and *Ewing & Smith,* for plaintiffs in error.

I. This expenditure by Bruns was a settlement on his wife, and he being at the time in debt, the settlement was a nullity. (Reade v. Livingston, 5 Johns. Ch. 504; Sto. Eq. 355, 357, 359, 368; How & Wallace v. Waysman *et al.*, 12 Mo. 171–4; Beach & Eddy v. Baldwin, 14 Mo. 597–8; Pawley v. Vogel, 42 Mo. 303; Tyler on Married Women, etc., 641; McIlvaine v. Smith, 42 Mo. 45, 58, 59.)

II. Though the title to the land may have been in the wife of Bruns, yet if he, while in debt, used the money that should have gone to his creditors in putting improvements on that lot, his creditors were entitled to those improvements. (Pharis v. Leachman, 20 Ala. 683–4; Love v. Graham, 25 Ala. 187–94; 11 Ala. 386.) The same doctrine is recognized in the matter of Grant, 2 Story, 320, in a bankruptcy proceeding.

III. Parties should not be driven out of court because of the insufficiency of the pleadings, if it is manifest that they are entitled to some sort of relief. (Dellinger v. Higgins, 26 Mo. 180–3.) If the parties appear to have consented to the trial of both causes, it will be considered as waived. (Jones v. Moore, 42 Mo. 491; 37 N. Y. 433; Young v. Coleman, 43 Mo. 184–5; City of St. Joseph v. Hamilton, *id.* 287; Freeman v. Bloomfield, *id.* 391.)

*Lay & Belch*, for defendants in error.

I. Plaintiff improperly united a legal. and equitable cause of action, and submitted the whole to the jury. (38 Mo. 395; 41 Mo. 257; 26 Mo. 47; 43 Mo. 139.)

II. Where the non-suit is voluntary, this court will not interfere. (33 Mo. 87.)

CURRIER, Judge, delivered the opinion of the court.

The petition in this cause contains two counts — one in ejectment, and one in equity. No issues were framed under the equity count for submission to a jury, but a jury trial was had, as in an ordinary action at law. The plaintiffs insist, nevertheless, that the trial was in fact upon the equity count alone; and on that they now seek to stand, rejecting as superfluous the law branch of the case. The suit involves the title to certain premises in Jefferson City. The equity count charges that the original lot, without improvements thereon, was acquired with the funds and means of the defendant, Herman L. Bruns; and that the title thereto was vested in his wife, Mrs. Maria C. Bruns, the other defendant, in fraud of the right of said Herman L. Bruns' creditors, he at the time being in an insolvent condition. It is further charged that Bruns, after the purchase, in like fraud of his creditors, among whom were the plaintiffs, made valuable improvements upon said lot. Bruns' interest in the premises, as the petition avers, was levied upon and bought in by the plaintiffs at execution sale.

The evidence preserved in the bill of exceptions does not, in my opinion, sustain the allegation that the original lot was acquired with the funds and means of the defendant, Herman L. Bruns. But it very clearly shows that the dwelling-house and other improvements subsequently placed thereon, at a cost of some $2,500 or $3,000, were placed there by him and at his cost and expense. We entertain no doubt that the value of these improvements may be reached through appropriate chancery proceedings by his creditors, and the amount thereof applied to the payment of claims against Bruns existing at the date of such investment. (See Pharis v. Leachman, 20 Ala. 662; Love v. Graham, 25 Ala. 178.)

The circumstance that the defendants have so mingled their separate interests in the property that those interests can not now be successfully apportioned in the way of a partition of the estate, can not be allowed to defeat the just rights of Bruns' creditors.    On a proper case made, chancery will decree a sale of the property and a division of the proceeds according to the rights of the respective parties.    (See cases cited above.)

But the case has been greatly confused by an attempt to combine legal and equitable proceedings in the same action.   As a chancery proceeding, no issues having been framed for submission to a jury, the trial should have been by the court, and a decision had upon the equitable merits of the cause.   But the hearing was before a jury, and because the jury were supposed to have been improperly instructed as to the law of the case, the plaintiffs took a non-suit without a submission of the equity branch of the case to the court at all.   They still adhere to their abandonment of the ejectment branch of the suit, treating it as mere surplusage, and seek a restoration of their standing in court that they may try the equity branch of the case.   This practice is not allowable. The non-suit as to the equity side of the litigation was purely voluntary, and the case must be disposed of as in other instances of voluntary non-suit.   (19 Mo. 647 ; 20 Mo. 323, 432 ; 28 Mo. 539 ; 32 Mo. 542 ; 33 Mo. 87, 374.)

The judgment will be affirmed.   The other judges concur.