J. G. SCHNEIDER, Appellant, v. ARTHUR KIRKPATRICK
*et al.*, Respondents.

Kansas City Court of Appeals, November 1, 1897.

**Appeals:** FINAL JUDGMENT: VOLUNTARY AND INVOLUNTARY NONSUIT.
Plaintiff's petition contained a count at law and in equity. On the
order of the court he elected to go to trial on the law count. On this
trial the court forced him to take a nonsuit. He then perfected his
appeal from the nonsuit without going to trial on his equity count.
*Held,* he thereby took a voluntary nonsuit as to his equity count and
an appeal would not lie.

*Appeal from the Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

AFFIRMED.

*James W. Boyd* for appellant.

The second count does not constitute any pro-
ceeding in equity, and if it did the court decided that
appellant has no case, and according to the decisions,
including those cited by respondents, when the court
decides that the plaintiff can not recover a cent, then
a nonsuit is not voluntary. Where the ruling of the
court strikes at the root of the case and precludes a
recovery, then the appellate court will review the
action of the trial court. *Layton v. Riney*, 33 Mo. 87,
and other cases cited by respondents. *Kennedy v.
Ballard*, 39 Mo. App. 340; *Sachs v. Clingingsmith*, 97
Mo. 406.

*Hall & Woodson* and *B. R. Vineyard* for the
respondents.

This case will have to be affirmed, if for no other
reason, because the plaintiff took a voluntary nonsuit.

*Crowe v. Peters,* 63 Mo. 435; *Henderson v. Dickey,* 50 Mo. 166; *Jones v. Moore,* 42 Mo. 419; *Boeckler v. R'y,* 10 Mo. App. 450; *Kabrich v. Ins. Co.,* 48 Mo. App. 397. (2) A court will not set aside a voluntary nonsuit, even though it may have committed error in giving instructions. If anything substantial is left in the case on which the party can stand, he must proceed to final hearing of the whole. *Loring v. Cooke,* 60 Mo. 566; *Chiles v. Wallace,* 83 Mo. 93; *Schulter v. Bockwinkle,* 19 Mo. 647; *Layton v. Riney,* 33 Mo. 87; *Hageman v. Moreland,* 33 Mo. 86; *Danney v. Schoeffler,* 20 Mo. 323; *R. R. v. Mitchell,* 20 Mo. 432; *Koger v. Hays,* 57 Mo. 329.

SMITH, P. J.—This is an action in which the plaintiff's petition contained three counts, in the first and third of which it is alleged that the plaintiff was the owner of thirty shares of stock in a certain business corporation, which the defendants had wrongfully converted to their own use to the damage of plaintiff, etc.

PLEADINGS.

The second was in the nature of a bill in equity, having for its object to obtain a decree: *First,* that the defendants be required to deliver up the certificates of said stock; *second,* that they have no right, title or interest in said certificates; *third,* that they be enjoined from claiming or exercising any right or authority over said stock; and *fourth,* for all other proper relief.

The trial court required the plaintiff to elect whether he would proceed to trial of the cause of action alleged in the first and third counts, or on that alleged in the second. The plaintiff thereupon elected to proceed on the first and third counts. To these counts the defendants filed an answer.

The trial was by a jury. At the conclusion of all the evidence the court, by an instruction requested by

the defendants, told the jury that under the pleadings and evidence the defendants were entitled to a verdict. The plaintiff thereupon suffered a nonsuit and after an unsuccessful motion to set the same aside took an appeal here.

The cause of action alleged in the first and third counts is one at law, while that alleged in the second count is in equity.

The action of the court in requiring the plaintiff to elect on which one of the causes of action alleged in his petition he would first try was proper since it was necessary to try each separately. *Kabrich v. Ins. Co.*, 48 Mo. App. 397. All the counts could not be tried together, since those alleging a cause of action at law were triable before a jury and that in equity could only be tried by the court. One was triable on the law side of the court and the other on its equity side. *Boeckler v. R'y*, 10 Mo. App. 452; *Crow v. Peters*, 63 Mo. 435; *Henderson v. Dickey*, 50 Mo. 164; *Jones v. Moore*, 42 Mo. 419.

When the court at the end of the trial on the law counts of the petition instructed the jury to find for the defendants the instruction went only to the issue on trial before the jury. The equity count in the petition was not affected by the instruction. The plaintiff did not suffer a nonsuit on the law counts of his petition but suffered it as to the whole case and from the judgment of nonsuit has appealed. If he had suffered a nonsuit as to the law counts and then proceeded to trial on the equity count and had a final decree entered therein, or if he had dismissed the equity count and then suffered a nonsuit as to the law counts, there would have been a final disposition of the entire case from which an appeal would lie.

"The judgment or decision from which an appeal may be taken must be final—it must be that judgment

or decision which determines finally the rights of the parties to the action. *R'y v. R'y*, 94 Mo. 542; *Anderson v. Moberly*, 46 Mo. 191. The plaintiff, it seems, elected to go out of court as to his whole case and by so doing he took a voluntary nonsuit. As long as the equity count had not been stricken out or otherwise disposed of he was not "at the end of his row" for he still was entitled to a trial on that. The rule is well settled in this state that if anything substantial is left in a case on which a party can stand he must proceed to final hearing of the whole. *Loring v. Cooke*, 60 Mo. 566; *Chiles v. Wallace*, 83 Mo. 93; *Schulter v. Bockwinkle*, 19 Mo. 647; *Layton v. Riney*, 33 Mo. 87; *Hageman v. Moreland*, 33 Mo. 86; *Danney v. Schoeffler*, 20 Mo. 323; *R. R. v. Mitchell*, 20 Mo. 432; *Koger v. Hays*, 57 Mo. 329.

<div style="margin-left:2em">APPEALS: final judgment: voluntary and involuntary nonsuit.</div>

*Kirby v. Bruns*, 45 Mo. 234, was a case in which the petition contained two counts—one in ejectment and the other in equity. A jury trial was had as in an ordinary action at law. There were no issues framed and submitted to the jury and no decision on the equitable merits of the cause. At the trial, because of supposed improper instructions to the jury as to the law of the case, the plaintiff took a nonsuit as to the whole case. There was, as here, no submission of the equity branch of the case to the court at all. On an appeal to the supreme court from the judgment, that court said: "This practice is not allowable. The nonsuit as to the equity side of the litigation was purely voluntary and the case must be disposed of as in other instances of voluntary nonsuit." Citing, *Schulter v. Bockwinkle*, 19 Mo. 647; *Danney v. Schoeffler*, 20 Mo. 323; *Lone v. Palmer*, 28 Mo. 539; *Gentry Co. v. Black*, 32 Mo. 542; *Hagerman v. Moreland*, 33 Mo. 86, 87.

As was said in *Danney v. Schoeffler, supra:* "Upon

the case then as it appears the party—appellant—was not forced to take this nonsuit, as the action of the court below did not cover his whole case, we must let the judgment stand." All concur.