GEO. W. DELO et al., Respondents, v. CHAS. F. JOHNSON et ux., Appellants.

**Kansas City Court of Appeals, February 6, 1905.**

1. **FRAUDULENT CONVEYANCES: Husband and Wife: Payment of Liens: Creditors' Rights.** A wife bought her husband's real estate at an execution sale against him. Subsequently the husband paid off several mortgages on such real estate. *Held*, payment by the husband was fraudulent as to existing creditors whom he was hindering and delaying and such creditors were entitled to subject the land to the payment of their debts, even though the wife had no fraudulent intent in the transaction.

2. ———: ———: ———: ———: **Equity.** As the husband was insolvent the chancery proceeding was the proper mode to reach his interest in such lands.

3. ———: ———: ———: ———: **Decree.** The decree is held sufficient to protect the wife's interest since it makes the money paid by her a first lien and secures her the surplus in the land after the payment of the judgment creditors.

Appeal from Dallas Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. W. Miller* and *O. H. Scott* for appellants.

(1) Before there can be a fraudulent conveyance the following conditions must exist. (a) The thing disposed of must be of value out of which the creditor could have realized all or part of his claim. (b) It must be transferred or disposed of by the debtor. (c) This must be done with intent to defraud. Wait on Fraudulent Conveyances, sec. 15, p. 27; Hart v. Leete, 104 Mo. 315; State v. Bragg, 63 Mo. App. 27. (2) Fraud is never presumed; it must be proven as any other fact. Dallam v. Renshaw, 26 Mo. 533; Bank v.

Worthington, 145 Mo. 100. (3) Where a transaction is as compatible with honesty as with dishonesty it will be presumed to be honest. Chapman v. McIlwrath, 77 Mo. 38; Robinson v. Dryden, 118 Mo. 535; Gruner v. Scholz, 154 Mo. 415. (4) Debts due from a husband to a wife are on the same footing as debts due any other creditor. Hart v. Leete, 104 Mo. 315; Kennedy v. Powel, 34 Kan. 22. (5) Property purchased at a public sale stands on a different footing from a voluntary conveyance from husband to wife, and it is no badge of fraud that husband and wife continued to occupy the property after purchase by the wife at public sale. Clark v. Cox, 118 Mo. 652; Gruner v. Scholz, 154 Mo. 425. (6) The only fraud alleged in plaintiff's petition is that the sheriff sale to Mrs. Johnson was fraudulent; and if said sale was conducted without fraud as is clearly shown by the evidence and admitted by the court's decree, plaintiffs cannot recover for no subsequent fraudulent transactions, if any there were, were alleged in the petition. Summers v. Ins. Co., 90 Mo. App. 700; Reed v. Bott, 100 Mo. 62; Goodson v. Goodson, 140 Mo. 218; Needles v. Ford, 167 Mo. 512. (7) He who seeks equity must do equity. The Dallas County Bank, through its president, Thomas M. Brown, having, through pressure and threats of foreclosure, compelled Johnson to apply the money derived from the normal school judgment to the payment of the debts secured by mortgage on Mrs. Johnson's land, cannot now repudiate the transaction as fraudulently accomplished. Austin v. Loring, 63 Mo. 19; McClanahan v. West, 100 Mo. 322; Clyburn v. McLaughlin, 106 Mo. l. c. 524.

*J. S. Haymes* and *J. T. White* for respondents.

(1) If a debtor in embarrassed circumstances, enhances the value of his wife's land by placing improvements thereon or by paying part of the purchase-

money, or by removing other encumbrances therefrom, his creditors may subject such land to the payment of their debts *pro tanto*. Bracken v. Milner, 99 Mo. App. 193; Kirby v. Bruns, 45 Mo. 234; Garrett v. Wagner, 125 Mo. 450; Hardware Co. v. Horn, 146 Mo. 129; B. & L. Ass'n v. Reed, 31 S. E. [Va.] 514; Reel v. Livingston, 16 So. 284, 43 Am. St. 202; Trefethan v. Lynam, 38 L. R. A. 190, 90 Me. 376; Burt v. Timmons, 6 Am. St. 668; Morris v. Fletcher, 77 Am. St. 93 note; Collins v. Slade, 9 S. W. [Ky.] 245. (2) The intent of the debtor is immaterial. When he makes such voluntary disposition of his property, available for the payment of his existing debts, that his creditors are hindered or delayed in collecting their claims, his acts are fraudulent and void as to them, although he contemplated no wrong. It is the effect of what he does, not the intention with which he does it, that determines its fraudulent character. Patten v. Casey, 57 Mo. 118; White v. McPheeters, 75 Mo. 294; Snyder v. Free, 114 Mo. 371; Hoffman v. Nolte, 127 Mo. 136; Cooper v. Standley, 40 Mo. App. 144; Bucks v. Moore, 36 Mo. App. 535; Grocer Co. v. Walker, 69 Mo. App. 556; Hall v. Goodnight, 138 Mo. 586; Garrett v. Wagner, 125 Mo. 450. (3) The finding of actual fraud by the trial court is supported by these facts.

BROADDUS, J.—The plaintiffs, certain judgment creditors of the defendant, Charles F. Johnson, sue in equity to set aside a certain deed made by a sheriff to the wife of Johnson, and to subject the same to their rights as such creditors. The main facts are as follows. The defendant, Charles F. Johnson, at the time of the different transactions to which reference will be made was the owner of real estate of the value of $20,000 or $25,000, that the various plaintiffs at different times during 1897, 1898, 1899 and 1902, recovered separate judgments against him for their respective indebtedness; and that at and prior to the

times said judgment were rendered said defendant, Charles, had mortgaged his said real estate for a large amount, as follows, to-wit: One mortgage dated in October, 1894, for $9,400 and a second one dated December 22, 1894, securing two notes, one for $7,700, and one for $3,722, all in the aggregate of $20,892. In October, 1895, a sale was made of all the lands owned by defendant and so mortgaged, said sale being under an execution issued on a judgment rendered against him in favor of the Springfield Foundry & Machine Company for $95.90, at which sale the defendant's wife became the purchaser for the sum of $106, and she received a deed from the sheriff to the lands. At the time of this sale defendant was wholly insolvent. There can be little or no dispute but what the wife paid her own money for the land she so bought at said sheriff's sale. Whatever purpose the husband may have had in view, there is no evidence impeaching the good faith of the transaction so far as his wife was concerned. According to witnesses, the land at that time was not of value exceeding the mortgage indebtedness. In April, 1897, defendant Charles paid off and discharged the first of said mortgages and the same was satisfied of record; and afterwards he paid off and discharged the greater part of the second mortgage, but the record does not show any satisfaction whatever. There was evidence of other transactions connected more or less to the principal one, but for the purpose of the appeal they are not important. The finding was for plaintiffs and defendants appeal.

We differ with the court as to its finding that defendant's wife purchased the land at the sheriff's sale with the intention to delay or defraud defendant's creditors, but as the decree, if justified in other respects, carefully guards all the rights of the wife, it is immaterial.

Defendant's principal contention is that as the plaintiffs only rely upon the allegations in their peti-

tion that the sale to Mrs. Johnson was fraudulent, they were, therefore, not entitled to recover because they have failed to sustain said allegation by proof. But it seems that there is another allegation in the pleading that would justify the decree, to-wit: The payment by Johnson of the two mortgages on the land amounting to about $20,000—or about its entire value. It cannot be successfully denied that his creditors were entitled to the money so paid to be applied on their judgments. When defendant applied his own money to the extinguishment of these incumbrances on his wife's land he was guilty of hindering and delaying his creditors, which was a fraudulent act. Under such circumstances the creditors may subject such land to the payment of their debts *pro tanto*. [Hardware Co. v. Horn, 146 Mo. 129; Garrett v. Wagner, 125 Mo. 450; Kirby v. Bruns, 45 Mo. 234.]

The husband being insolvent, a chancery proceeding is the proper mode to reach his interest in such land and subject it to the demands of creditors. [Kirby v. Bruns, supra.]

The decree in this case renders the wife complete justice as it not only secures to her as a first lien the money she paid on the execution sale on the judgment mentioned, but also secures to her the surplus after satisfaction of the plaintiffs' judgments. The case seems to be too plain for comment. Affirmed.

All concur.