SÁNCHEZ MORALES & Co., INC., Plaintiff and Appellant, v. CÁNDIDO FERNÁNDEZ, Defendant and Appellee.

No. 4747. Argued June 27, 1929.—Decided June 26, 1930.

*M. Cruz Horta* and *S. García Díaz* for appellant. *R. Sancho Bonet* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Sánchez Morales & Co., a corporation, conditionally sold a piano to Cándido Fernández, whom it afterwards sued under the Conditional Sales Act because of his failure to pay some of the monthly instalments which, together with the others remaining outstanding amounted to $440. The defendant answered that he had paid to Sánchez Morales & Co., Inc., the sum of $405 in settlement of all the instalments which he owed. The District Court of San Juan held that the defendant had established his defense so pleaded, and denied the petition of the seller for repossession of the piano. An appeal has been taken from that decision.

The fundamental question to be determined in this appeal is whether or not the defendant actually paid the debt to Sánchez Morales & Co. or to an authorized agent of the latter.

The facts in this case are simple. The appellee accustomed to pay the monthly instalments under his contract to the collectors who called on him in the name of Sánchez Morales & Co., and he holds, accordingly, printed receipts bearing the name of Sánchez Morales & Co. and the signatures of the collectors who called on him for that purpose, such as C. Ramos and Rafael Bey. He never went to the establishment of Sánchez Morales Co. to make the payments and always paid the receipts by handing cash to the collectors. Upon his failure to pay some of the monthly instalments, Fernández received letters from Sánchez Morales & Co. reminding him of his contract, and when collector C. Ramos called on him to collect the overdue instalments, Fernández

told him to inform the seller that he wanted a liquidation of his account in order to pay any balance due sometime between the 10th and the 15th of April. Ramos told him that, if he paid the total amount in advance, the company would give him a 10 per cent discount. On April 10 a person, who was not one of the said collectors, called for the first time at the house of Fernández with a receipt, similar to the others previously presented and purporting to be from Sánchez Morales & Co., for $405 in full settlement of the purchase price of the piano. Fernández had some doubts as to the identity of the collector, for which reason he compared the said receipt with the previous ones, whereupon, according to Fernández, the new collector showed him an authorization for making collections which appeared signed by J. M. Castro. He made payment, and the receipt was signed with the name of P. R. Román. It has not been shown whether J. M. Castro actually signed the receipt; but it has been proved that J. M. Castro had no power from Sánchez Morales & Co. to authorize such collections. P. R. Román was not an employee of Sánchez Morales & Co., which has never received any money in full settlement of the account.

It is provided by section 1130 of the Civil Code that payment must be made to the person in whose favor the obligation is constituted, or to another authorized to receive it in his name. Section 1182 provides that the burden of proof of the extinction of obligations devolves upon the person opposing their performance. It follows from these two precepts that, as Fernández alleged to have paid the debt to an agent of Sánchez Morales & Co., it devolved upon him to prove that the person to whom he delivered the money was an agent of his creditor, duly authorized to receive the amount due on behalf of such creditor. We find the same rule in *Sone* v. *Palmers,* 28 Mo. 539, where it is said that when a party relies on an instrument which appears to have been executed by an agent, such party must prove the au-

thority of the agent; also in 2 C. J., page 926, section 668, where it is stated that a person making payment of a debt to an agent assumes the burden of proving the latter's authority to receive such payment, or that he paid it in good faith relying on a previous existence of the authority and believing that it remained unrevoked. The case of *Royal Bank of Canada* v. *Balle,* 33 P.R.R. 944, 948, is applicable to the case at bar, as it was there held that payment made to a person other than the creditor, without showing in an authentic and indisputable manner the authority for receiving it, does not extinguish the obligation. In a judgment of the Supreme Court of Spain dated February 28, 1896, cited in 8 Manresa 273, it was held as follows:

"In order that payment may operate to discharge obligations, it must be made to the person in whose favor those obligations were constituted or to another person authorized to receive such payment; hence, delivery of the amount due to a third person, even though by mistake and in good faith, does not relieve the debtor of his obligation to pay, nor is the creditor's right to collect prejudiced thereby; and if, by reason of it becoming impossible to recover that which has thus been paid, irreparable injury results, such injury must be borne by the deceived debtor as the only one liable for his own acts, unless a contrary agreement should exist or the creditor is guilty of any conduct creating a liability on his part."

Although it is true that appellee Fernández paid several receipts for instalments on different occasions to two collectors named Bey and Ramos, respectively, and that he paid all the monthly instalments in cash, it is also true that the receipt in full settlement of the debt, even though similar in form to the previous receipts, was paid by him to P. R. Román, who was not known to him to be the agent of Sánchez Morales & Co., and who had presented himself for the first time to the defendant as such agent. Therefore, he should have ascertained whether the collector had sufficient authority to collect the amount, lest he should suffer the consequences of making payment to a person not au-

thorized to receive it. Nor is the fact that Román showed him an authorization to collect, which appeared signed by J. M. Castro, sufficient to establish the defense of payment, because Fernández failed to prove that J. M. Castro had really signed such authorization and that the latter was empowered to give it. On the contrary, it was shown that, although J. M. Castro was an employee of the said corporation, he had no power to issue such authorization, if he ever issued it.

The appellee says that in the special proceeding herein to recover the possession of the movable property sold, the only admissible evidence is the receipt acknowledging payment; but that is not so, because the payment is not effective until the debt has been paid to the creditor or to another person authorized by him to receive such payment and, consequently, in the case at bar it devolved upon the defendant to show that the person to whom he made the payment had been authorized to receive the money in the name of Sánchez Morales & Co.

Section 1132 of the Civil Code, cited by the appellee and according to which a payment made in good faith to the person who is in possession of the credit shall release the debtor, is not applicable to the present case, as Fernández did not make the payment to the person who was in possession of the credit, Sánchez Morales & Co., nor to any person authorized by that corporation to receive the payment in its name.

Having thus decided the question involved, it is unnecessary for us to consider the other three errors assigned by the appellee. The decision appealed from must be reversed without any special imposition of costs, and the case remanded to the lower court for further proceedings.