SÁNCHEZ MORALES & CO., INC., demandante y apelante, *v.* CÁNDIDO FERNÁNDEZ, demandado y apelado.

No. 4747.—*Sometido:* Junio 27, 1929. *Resuelto:* Junio 26, 1930.

*M. Cruz Horta* y *S. García Díaz,* abogados de la apelante; *R. Sancho Bonet,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación Sánchez Morales & Co. vendió condicionalmente un piano a Cándido Fernández, a quien algún tiempo después demandó de acuerdo con la ley de contratos de ventas

condicionales por haber dejado de pagar algunos plazos mensuales, que con los restantes ascendían a $440. El demandado contestó que había satisfecho $405 a Sánchez Morales & Co., Inc., por todos los plazos que debía, y estimando probada la Corte de Distrito de San Juan la alegación del demandado declaró sin lugar la petición hecha por la casa vendedora para que el piano le fuera entregado; sentencia que ha sido apelada.

La cuestión fundamental a resolver en esta apelación es si en efecto el demandado pagó a Sánchez Morales & Co., o a un agente suyo autorizado.

Los hechos en este caso son sencillos. El apelado pagaba los plazos mensuales de su contrato a los cobradores que iban a su casa en nombre de Sánchez Morales & Co., y tiene, por tal concepto, recibos impresos con el nombre de Sánchez Morales & Co. y con la firma de los cobradores que iban con tal fin, tales como C. Ramos y Rafael Bey. El nunca fué a pagar a la casa de Sánchez Morales & Co. y siempre hizo efectivos los recibos entregando dinero a los cobradores. Al atrasarse Fernández algunos meses en los pagos recibió cartas de Sánchez Morales & Co. recordándole su contrato, y cuando el cobrador C. Ramos se presentó a cobrarle los atrasos, Fernández le manifestó que la casa le hiciera una liquidación de lo que le debía para pagarlo todo del 10 al 15 de abril, manifestándole Ramos que haciendo el pago total adelantado la casa le haría un descuento del diez por ciento. El 10 de abril se presentó en la casa de Fernández una persona distinta de los otros cobradores por primera vez, con un recibo de Sánchez Morales & Co. igual a los precedentes, por $405 como saldo de la compra del piano. Fernández tuvo algunas dudas respecto al cobrador, por lo que cotejó ese recibo con los anteriores, en cuyo momento, según dijo Fernández, el nuevo cobrador le mostró una autorización para hacer cobros que aparecía suscrita por J. M. Castro. Entonces pagó, siendo firmado el recibo con el nombre de P. R. Román. No se ha demostrado que J. M. Castro firmara ese

papel, pero sí se ha demostrado que J. M. Castro no tenía autoridad en la casa de Sánchez Morales & Co. para autorizar esos cobros. P. R. Román no era empleado de Sánchez Morales & Co., y esta corporación nunca ha recibido el dinero correspondiente al saldo de la cuenta.

El artículo 1130 del Código Civil dice que el pago deberá hacerse a la persona en cuyo favor estuviese constituída la obligación, o a otra autorizada para recibirlo en su nombre. Y el 1182 dispone que la prueba de la extinción de las obligaciones incumbe al que lo opone. Consecuencia de estos dos preceptos es que habiendo alegado Fernández que pagó la deuda a un agente de Sánchez Morales & Co. está obligado a probar que la persona a quien entregó el dinero era un agente de su acreedor debidamente autorizado para recibirlo en nombre de él. La misma regla encontramos en el caso de *Sone* v. *Palmers,* 28 Mo. 539, en donde se dice que cuando una parte descansa en un documento que aparece hecho por un agente, debe probar la autoridad del agente; y también la hallamos en 2 C. J., página 926, párrafo 668, al expresar que la persona que hace pagos de una deuda a un agente asume el peso de probar la autoridad del agente para recibir los pagos, o que lo pagó de buena fe, confiando en la existencia previa de tal autoridad y en la creencia de que no había sido revocada. El caso de *Royal Bank of Canada* v. *Balle,* 33 D.P.R. 984, es aplicable al presente porque declara que el pago hecho a una persona distinta del acreedor, sin justificarse de modo fehaciente, indiscutible, la autoridad para recibirlo, no extingue la obligación. En sentencia del Tribunal Supremo de España de 28 de febrero de 1896, citada en 8 Manresa 273, se resolvió lo siguiente:

"Para que el pago de lo debido extinga las obligaciones debe hacerse a las personas en cuyo favor estuviesen constituídas o a cualquiera otra autorizada para recibirlo; siguiéndose de ello que la entrega de lo adeudado hecha a un tercero, siquiera se haga por mero error y de buena fe, no libera al deudor de su obligación de pagar, ni perjudica al acreedor en su derecho a cobrar, y que si por la im-

posibilidad de recuperar lo debidamente pagado resultasen perjuicios irreparables, recaigan éstos sobre el deudor engañado, como único responsable de sus propios actos, a no mediar sobre este punto pacto en contrario, o culpabilidad del acreedor que origine responsabilidades al mismo imputables.''

Si bien es cierto que el apelado Fernández pagó varios recibos de mensualidades en distintas ocasiones a dos cobradores llamados uno Bey y el otro Ramos, y que todos los recibos mensuales los pagó a ellos en dinero, también lo es que el recibo de saldo de su cuenta, aunque igual en su forma a los anteriores, lo pagó a P. R. Román, persona desconocida para él como agente de Sánchez Morales & Co. y que por primera vez se le presentaba como tal agente de dicha corporación, por lo que debió cerciorarse de que tenía autoridad bastante para hacer ese cobro, so pena de sufrir las consecuencias de hacer el pago a una persona no autorizada para recibirlo; sin que el hecho de que Román le mostrara una autorización para cobrar que aparecía firmada por J. M. Castro sea suficiente tampoco para estimar bien hecho el pago, porque Fernández no probó que efectivamente J. M. Castro firmó tal autorización y que tenía autoridad para darla, aparte de que se probó que si bien J. M. Castro era un empleado de dicha corporación no estaba facultado para dar tal autorización, si en efecto la dió.

Dice el apelado que en la acción especial ejercitada en este caso para recobrar la posesión del mueble vendido la única prueba admisible es el recibo de haber pagado; pero esto no es así porque el pago no existe sino cuando se ha satisfecho la obligación al acreedor o a persona autorizada por él para recibirlo, por lo que en este caso él tenía que probar que la persona a quien pagó tenía autoridad para recibir el dinero en nombre de Sánchez Morales & Co.

El artículo 1132 del Código Civil citado por el apelado, según el cual el pago hecho de buena fe al que estuviere en posesión del crédito liberará al deudor, no tiene aplicación al caso presente porque Fernández no pagó a la

persona que estaba en posesión del crédito, que era Sánchez Morales & Co., ni a persona autorizada por esa corporación para recibir el pago por ella.

Resuelta la cuestión tratada en la forma que lo ha sido, es innecesario considerar los otros motivos de esta apelación, y *la sentencia recurrida debe ser revocada, sin especial condena de costas, y devolverse el caso a la corte inferior para que continúe el procedimiento.*