LEIMER, Appellant, v. PACIFIC RAILROAD, Respondent.

1. Where a demurrer to a petition is improperly sustained in part and over-ruled in part, and the court improperly strikes out a portion of the petition, and the plaintiff takes a nonsuit, he will be entitled to have the nonsuit set aside.

*Appeal from Gasconade Circuit Court.*

The following is the petition in this cause : " The plaintiff states that defendant owes him $1012.45 for provisions, board-ing and lodging furnished for employees on said road ; also for others, at the special instance and request of defendant ; also for brandies, wines, hay, straw, ice, clothing, bedding, attention to persons wounded on said road ; also for work and labor done and performed for defendant ; also for money paid out and expended for defendant, all at the special instance and request of defendant ; the particulars of all which, and also the credits thereon will appear by the several accounts hereto annexed and made part of this petition. Plaintiff asks judgment for $1012.45, being the amount due him."

With this petition, three several accounts—marked A., B. and C. — were filed. In these accounts many of the items were charged in the aggregate, thus : " Nov. 1, 1855—Sup-per for 360 persons at 50 cts., $180. Nov. 2, 1855—Break-fasts for 320 persons, $160. Nov. 2, 1855—Dinners for 265 persons, $132.50. Nov. 2, 1855—Supper for 17 persons, $8.50, &c. The defendant demurred to the petition. The court sustained the demurrer as to the accounts marked A. and B., and ordered them to be stricken out, with the excep-tion of certain specified items. The court overruled the de-murrer as to the third account filed. The plaintiff thereupon took a nonsuit, and afterwards moved to set the nonsuit aside. The court overruled the motion.

*Stevenson,* for appellant.

I. In setting out the items of an account a party is only required to state the same so that the opposite party may

know with certainty for what specific thing a recovery is sought. It was an intelligible statement of the items to charge defendant with a certain number of meals furnished as a landlord at the request of plaintiff, and it was immaterial by whom they were eaten, and in this case impossible to be stated, because they were strangers to plaintiff. The items stricken out were all intelligibly stated, and apprised defendant fully of the nature of the same. The grounds of the demurrer were not well taken as against the account of plaintiff.

*S. T. & A. D. Glover*, for respondent.

I. The plaintiff having abandoned his petition can not assign error on that account. Having taken a nonsuit he has abandoned his demurrer, and he has now no remedy on his assignment of error.

SCOTT, Judge, delivered the opinion of the court.

As the court below sustained the demurrer to part only of the plaintiff's petition, the only course left to him, in order to take the opinion of this court on the correctness of the action of the circuit court, was to submit to a nonsuit and bring the case here. If the nonsuit had not been taken, there would have been still an action pending in the court below, which would have restrained this court from entertaining an appeal or writ of error, as the plaintiff could not have appealed a part of his cause whilst another part was undetermined. Had the plaintiff gone on with so much of his action as was not affected by the demurrer, he might have been embarrassed in his subsequent proceedings. Suppose he had recovered on the cause of action remaining unaffected by the demurrer, would he bring a writ of error on the judgment in order to have the judgment of the court reversed for sustaining the demurrer to part of his petition? If this was allowed him, would he not lose the judgment he had obtained? A judgment is an entire thing, and must be reversed in whole and not in part. There was but one count or cause of ac-

tion in the petition. The law required him to join all his accounts growing out of one transaction in the same petition. He could not sue for one part of an account and after judgment bring a suit for another part of it. (Brown v. King & Fisher, 10 Mo. 56.) Had the case been as it was in the brief supposed to be—a demurrer sustained to the entire petition—as the judgment on the demurrer was final, there being no leave to amend asked or given, the party by that judgment was out of court and the subsequent nonsuit was an act of supererogation and did not affect the proceedings on the demurrer. The record being brought here by appeal or writ of error, the nonsuit would be disregarded as a superfluous act, and the action on the demurrer would have alone been considered.

We see no objection to the petition under the liberal system of the pleadings now indulged. The petition with the accounts annexed sufficiently show the object and intent of the plaintiff's action.

Judge Napton concurring, the judgment will be reversed and the cause remanded; Judge Richardson not sitting.

