Layton v. Riney.

*Error to Clark Circuit Court.*

*James Cowgill*, for plaintiff in error.

*N. F. & E. T. Givens*, for defendant in error.

------

F. H. LAYTON *et al.*, Appellants, *v.* SARAH RINEY *et al.*, Respondents.

*Nonsuit.*—It is only proper to take a nonsuit where, at the trial, the action of the court is such as to preclude the plaintiff from a recovery. In no other case will the Supreme Court interfere. (See *supra* Hagerman v. Moreland.)

*Appeal from Perry Circuit Court.*

*Tuttle* and *Frissell*, for appellants.

*J. W. Noell*, for respondents.

| 33 | 87 |
| 53a | 439 |

| 33 | 87 |
| 72a | 106 |
| 33 | 87 |
| 146 | 570 |

| 33 | 87 |
| 81a | 559 |

| 33 | 87 |
| 156 | 607 |

BAY, Judge, delivered the opinion of the court.

This was a proceeding under our statute of wills, to contest the validity of the will of Thomas Riney, deceased, upon the ground of undue influence exercised upon the mind of the testator by one Sarah Riney. The answer denies all the allegations in the petition respecting the mental condition of the testator, and the undue influence exercised upon him by said Sarah Riney.

Upon the trial of the issue, the plaintiffs offered to give in evidence the declarations of Thomas Riney, jr., one of the defendants, but the other defendants objected upon the ground that, although a co-defendant, his interest was adverse to the will and adverse to them. The court sustained the objection. Plaintiffs then called as a witness, Mary Layton, wife of Thomas Layton, both co-plaintiffs in the cause, but defendants objected to her testifying upon the ground of incompetency; whereupon Layton and wife executed and acknowledged a deed of conveyance to one Felix Layton, a co-plaintiff, of their undivided right, title and interest, in and to the estate of said Thomas Riney, deceased, in consideration of the sum of fifty dollars, which was read. But the court still ruled that she was incompetent to testify; whereupon plaintiffs took a nonsuit, with leave, &c.

The court having overruled a motion to set the nonsuit aside, the plaintiffs excepted and the cause is brought here by appeal.

This case comes within the rule laid down by this court at the present term in Hagerman v. Moreland, as well as other cases previously decided. The plaintiffs were under no necessity to take a nonsuit, for the court had made no decision which necessarily precluded them from a recovery. It is only where the ruling of the court is such as strikes at the root of the case and precludes the plaintiff from a recovery that we will undertake to review the action of the court below after a voluntary nonsuit. A contrary practice would

encourage parties to appeal upon every trivial decision of the court and thus keep the matter in controversy in endless litigation.

The other judges concurring, the judgment is affirmed.