CHILES, *Appellant*, v. WALLACE *et al.*

1. **Deed of Trust:** AGREEMENT: LICENSE. An agreement between the holder of a first deed of trust and purchasers at a sale under a junior deed of trust that, in consideration of the latter paying the interest on the mortgage debt, the former will forbear enforcing his lien and will permit the purchasers to remove trees from a nursery on the mortgaged premises and also to replant trees therein, is a valid contract and binding on the parties.

**2. Forbearance:** REASONABLE TIME. The contract is not void because no definite period of time is contained in the contract limiting the period of forbearance. The law will imply a reasonable time, if not a total forbearance, according to the circumstances and subject matter of the contract.

**3. Practice:** INSTRUCTIONS. It is not proper to blend the question of the sufficiency of the answer with an instruction on the facts of the case.

**4. License:** REVOCATION, WHEN NOT PERMITTED. A license cannot be revoked by the licensor to the injury of the grantee and in face of a contract and assurance by the former to the contrary.

**5. Practice:** VOLUNTARY NON-SUIT. A party is not forced to a non-suit by an instruction merely affecting the measure of his damages. So long as the rulings of the court leave him a substantial cause of action, his withdrawal from the court is his own act and deprives him of the right of appeal.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOOD-SON, Judge.

AFFIRMED.

*Boggess & Moore* for appellant.

(1) The averments in the answer do not state any contract, agreement or covenant, nor any good consideration for either. *Taylor v. Williams*, 45 Mo. 80; *Underwood v. Underwood*, 48 Mo. 527; *Mastin v. Halley*, 61 Mo. 196; *Pier v. Heinrichoffer*, 52 Mo. 333; *Bayse v. Ambrose*, 32 Mo. 484. (2) The court erred in refusing the declarations of law asked by plaintiff and giving the 4th one asked by the defendants. The court's action precluded the possibility of plaintiff's recovery and justified his taking his non-suit. (3) The court, also, erred in giving defendants' second declaration of law. Jones on Mortgages, sec. 434; *Price v. Brayton*, 19 Ia. 309; *Adams v. Beadle*, 47 Ia. 439; *Maples v. Milon*, 31 Conn. 598; *McIlvain v. Harris*, 20 Mo. 457; *Pratt v. Coffman*, 27 Mo. 424. A purchaser at a foreclosure under a mortgage is entitled to the crops growing at the time of sale. Jones on Mortgages, sec: 697; *Shepard v. Phil-*

*brick*, 2 Den. 174; *Downard v. Groff*, 40 Ia. 597; *Lane v. King*, 8 Wend. 584. If there ,was a license to take the crops it was revocable at the pleasure of the licensor. *Fuhr v. Dean*, 26 Mo. 116; *Deslodge v. Pearce*, 38 Mo. 588. (4) A mortgageor cannot make a lease or other conveyance of the mortgaged property which will affect the mortgagee's rights. Jones on Mortgages, sec. 676; *McDermott v. Burk*, 16 Cal. 580. The mortgageor is not entitled to emblements after forfeiture. *Lane v. King*, 8 Wend. 584; *Downard v. Groff*, 40 Ia. 597. The deed of a purchaser at a sale under a mortgage relates back to the date of the mortgage. *Lowell v. Schenk*, 24 N. J. Eq. 80. All purchasers are bound to take cognizance of the rights of the mortgagee. Jones on Mortgages, secs. 453, 454, 688; *Hoskins v. Woodward*, 45 Pa. St. 42; *Gooding v. Shea*, 103 Mass. 360.

*C. O. Tichenor* and *E. P. Gates* for respondents.

A mortgagee can make a valid agreement with a third party, or so act as to prevent him for the time being from foreclosing the same. *Moss v. Green*, 41 Mo. 389; *Hudson v. Busby* 48 Mo. 36; *First Nat. Bk. v. Leavitt*, 65 Mo. 562; *Corrigan v. Detsch*, 61 Mo. 290. Regarding the right to remove the nursery stock as a mere license, plaintiff could not revoke it under the circumstances of this case. *Baker v. Ry.*, 57 Mo. 272; *Rerick v. Kern*, 14 S. & R. 267; *Fuhr v. Dean*, 26 Mo. 116; *Rutherford v. Tracy*, 48 Mo. 325; Bispham's Equity, p. 237. The nursery stock was personal property. It was not put on the ground to stay there, but to be moved away. *Backenstoss v. Stahlers*, 33 Pa. 254; *Miller v. Baker*, 1 Met. 31; *Matson v. Calhoun*, 44 Mo. 368; *Lowenberg v. Bernd*, 47 Mo. 297; *Bircher v. Parker*, 40 Mo. 118. The defendants are not trying to enforce a contract; in their answer they state facts. The contract was sufficiently definite. *Paris v. Haley*, 61 Mo. 458. When no time is fixed for the performance of a contract, the

law implies a reasonable time. *Bryant v. Saling*, 4 Mo.
528; *Salisbury v. Renick*, 44 Mo. 558. To support
ejectment one must have the legal title and right to pos-
session at date of bringing of suit. *Beal v. Harmon*, 38
Mo. 435. The plaintiff was not justified in taking a non-
suit. *Laylon v. Riney*, 33 Mo. 88; *Hagerman v. More-
land*, 33 Mo. 86; *Kirby v. Burns*, 45 Mo. 234.

MARTIN, C.—The plaintiff sued in ejectment in the
usual form, averring entry and ouster on the 13th of
February, 1878. On the 17th of June, 1879, this suit
still pending, the defendants surrendered, and the plain-
tiff accepted possession of the premises sued for, thus
leaving to be settled by trial the abstract right of plain-
tiff to recover as of the 13th of February, 1878, and the
damages consequent upon the adverse possession of
defendants at and after the date aforesaid.

It seems that plaintiff was originally owner of the
premises and on the 10th of March, 1871, sold them to
the firm of Blair Brothers, consisting of J. A. Blair, R.
H. Blair and J. C. Blair. At the same date said Blair
Brothers delivered to plaintiff a deed of trust on the
premises to secure a part of the unpaid purchase money
evidenced by three promissory notes falling due at differ-
ent times, and aggregating in amount about $5,500.
Blair Brothers entered into possession of the premises so
purchased by them, planting and growing thereon a large
nursery, and carrying on a general nursery business in
their firm name. On the 4th of February, 1875, Blair
Bros. executed a second deed of trust covering the said
premises, and including their nursery stock, for the
purpose of securing to one A. L. Mason a debt of about
$4000. On the 9th of February, 1877, the demanded
premises and nursery were sold at trustee's sale under
the second deed of trust. The defendants, composing a
firm under the name of Wallace & Co., purchased the
same, and entered into possession thereof, upon surren-
der of Blair Bros., at the date of their said purchase.

After their entry, defendants continued the nursery business left by Blair Bros., and were thus engaged when the premises were advertised and sold under the first deed of trust on the 13th of February, 1878. At this sale the plaintiff, who held the notes secured in the deed, became purchaser. As owner of the legal title, his suit should prevail, unless the defendants have pleaded and· proved a good defense against the right of possession which his title implies.

In their answer they allege that before their purchase under the second deed of trust, the plaintiff, as holder of the debt controlling the first deed of trust, agreed with them that if they would purchase the land and stock at the sale under the second deed of trust, they should have possession of the land until they could in the ordinary course of business sell off the nursery stock, and that he would not enforce his deed of trust nor attempt to take possession of the premises; that in consideration of said undertaking of plaintiff the defendants agreed to pay the interest on the secured notes of the first deed of trust during the time of their possession while disposing of the nursery stock in the ordinary ,course of business; that said interest was to be paid out of the first net returns received from the nursery sales, after payment of the debt due Mason for their purchase; that they entered into possession and conducted the nursery business on the faith of said agreement, planting other valuable trees, and in pursuance thereof, paid to plaintiff or to his use $200 in April, 1877, $150 and $482 in June, 1877, and $400 in the fall of 1877. Another contract looking to a lease of the premises to defendants is pleaded, but as the evidence failed to show that it was consummated, it need not be considered· further. It is alleged that plaintiff by reason of the premises was estopped from foreclosing his deed of trust and claiming possession as asserted in his petition.

No reply was filed, but the case was tried upon a denial of the defense pleaded in the answer.

A jury being waived, the plaintiff submitted evidence on the issue thus raised, and the defendants did likewise, against the objection of plaintiff. After the evidence was closed and instructions announced, the plaintiff took a non-suit. He now appeals from the action of the court in refusing to set it aside.

I. It is first objected and assigned as ground of error that the answer is insufficient and contains no defense to the action. This point was raised by objection to the introduction of any evidence by defendants in support of it. It will be observed that the defendants were under no legal obligation, outside of the new agreement, to pay the notes or interest thereon which were secured by the first deed of trust. They were the obligations of Blair Bros. The agreement of plaintiff to forbear enforcing his demand as a lien on the premises and to permit the defendants to go on removing and replanting trees, being supported by the promise of defendants to pay the interest on said demand is unquestionably a valid contract and binding upon all parties to it. *Glasscock v. Glasscock*, 66 Mo. 627. No definite period of time appears in the contract limiting the term of forbearance. But it is not on that account void. The law implies a reasonable time if not a total forbearance according to the circumstances and subject matter of the contract. *Salisbury v. Renick*, 44 Mo. 558; *Glasscock v. Glasscock*, 66 Mo. 627. As a conclusion of law on the face of the pleading, it could not be said that a reasonable time had elapsed at the time the deed of trust was foreclosed in the middle of the succeeding winter.

II. I do not think the court erred in refusing the declaration of law asked by plaintiff. It is laid down in the first part of it, substantially, that the court could not find for defendants, unless it found one or both agreements pleaded in the answer had been entered into between the parties and that one or both of them had been performed by defendants. This was all correct enough. But it then proceeds as follows: "And the

court cannot find that either of said agreements alleged in said answer were or have been kept and performed, unless said agreements have been respectively and specifically alleged in all their substantive parts in said answer." This qualification is out of place in a declaration or instruction addressed to the finder of facts. The objection to the sufficiency of the answer had been overruled. If the plaintiff desired to raise it again he should have done so by demurrer or motion to make more definite. The practice of blending it with an instruction on the facts of the case can only lead to confusion and mistake. The unobjectionable part of the instruction is sufficiently included in the instructions given at the instance of defendants to indicate that the case was tried on the theory favored by plaintiff.

III. The action of the court in giving the 4th declaration of law asked by defendants is assigned for error. It reads as follows: "The court declares the law to be, that if defendants entered into possession of the premises in controversy, under an agreement with plaintiff, that they might carry on a nursery business on said premises, and use the stock thereon, as well as stock to be put thereon, and that he would not sell under his deed of trust, and that in consideration thereof they agreed to pay plaintiff certain interest on the balance due on said deed of trust, and that defendants did pay said interest, or were willing to do so, plaintiff refusing to receive the same; then plaintiff, as against defendants, did not obtain a right to possession of the premises by sale under said deed of trust, and if plaintiff did not have a right to possession at the commencement of this suit he cannot recover." In order to understand the import and application of this declaration it will be necessary to allude to the evidence bearing upon the issue raised by the answer. The testimony of defendants tended to prove that the agreement alleged in the answer was entered into, and that the consideration to be paid by them did not extend further than the interest on the Blair

notes, and that they had paid and were always ready and willing to pay the interest on the same according to agreement; that upon subsequent solicitations of plaintiff they had paid taxes, or rather notes outstanding for the payment of taxes, and some other outstanding obligation of plaintiff. The plaintiff, in his own testimony, admits that he had entered into an agreement to forbear closing the deed of trust, but he does not agree with defendants as to the consideration to be paid by them. He testified that before defendants purchased under the second deed of trust he had agreed with Blair Bros. to forbear closing them out, upon their undertaking to pay the interest on the notes amounting to about $750, the Brown, Hughes & Co. note for taxes amounting to $480.33, and $1000 upon the principal; and that defendants, on purchasing at the Mason sale, had assumed the same undertaking. According to defendants' testimony they never agreed to pay anything on the principal of the notes, so that the only material difference between the parties consisted of the $1000 of principal of the Blair notes. The agreement as alleged in the answer was corroborated by a petition in a suit pending between the parties in which the plaintiff sets out the contract substantially as alleged in the answer, omitting all mention of any claim for failure to pay said principal or any part of it. The plaintiff admits that if the agreement entered into between them had been kept by defendants he would not have foreclosed his security.

Viewed in the light of this testimony, conflicting as it is, I see nothing objectionable in the instruction. If the court believed the testimony of plaintiff, there could have been no finding against him. There is nothing in the instruction to justify him in going out of court. If he had remained in, the court might have found in his favor, upon the evidence submitted by him. There was nothing in the instruction to preclude such finding. It follows, therefore, that the non-suit, so far as this instruction is concerned, was the voluntary act of plain-

tiff. As such the court could not help him by setting it aside.

IV. The appellant objects to the second instruction given at the instance of defendants, relating to the measure of damages, which reads as follows: "2d. The court declares the law to be that if under an agreement with plaintiff, in case they should do so, defendants purchased the premises in question, and the nursery stock thereon, under a deed of trust, subsequent to that of plaintiff, and went upon said premises to carry on a nursery business, not only with said stock, but with new stock, in pursuance with the terms of said contract with plaintiff, the consideration being money paid and to be paid by them to plaintiff, then said nursery stock, which was on said land when defendants took possession thereof, as well as that put on by them afterwards, was personal property, the removal of which by defendants, did not constitute waste."

It is argued that, under the law, nursery stock passes with the real estate in a sale under a mortgage, and that consequently plaintiff, as owner of it, can recover against defendants for removing it after the mortgage sale. Without pretending to dispute this proposition of law, I have only to say that according to the instruction the removal of the stock is not justified by the relation of the parties as fixed by their legal estates, but by license and agreement by the plaintiff. If the plaintiff made the agreement pleaded in the answer and defined in defendants' testimony, which contemplated a removal of the nursery stock, like any other crop on the land, then the defendants could not be guilty of waste, in effecting such removal during the term or period covered by the agreement.

The fact that plaintiff had foreclosed his deed of trust in violation of the agreement could not affect the right of defendants under it. They could, notwithstanding such premature foreclosure, justify their acts under the greement by maintaining that the foreclosure as to them

was inequitable. It is hardly necessary for me to add that, viewing the agreement even in the light of license, it was not revocable at the pleasure of plaintiff under the evidence in this case, showing the acts and expenditures of defendants on the faith of it.   A person has no right to revoke a license to the injury of the grantee, in face of his contract or assurance to the contrary. *Baker v. R. R.,* 57 Mo. 265; Bispham's Eq., 237.

In another respect the plaintiff cannot justify his non-suit by this declaration of law.  It need not affect his right of action, but only relate to a portion of damages claimed by him, under the designation of waste.  A person is not instructed or forced out of court by a ruling which may result only in cutting down the amount of damages claimed by him.  As long as the rulings leave him a substantial cause of action, his withdrawal from the court is his own act and deprives him of the right of appeal.  In *Hageman v. Moreland*, 33 Mo. 87., Judge Dryden remarks: "It is only where the action of the court, on the trial, is such as to preclude the plaintiff from a recovery, that it is proper to suffer a non-suit.  In no other case will the court interfere, as has been decided again and again."   In passing upon the same question in *Layton v. Riney*, 33 Mo. 87, Judge Bay, in giving the opinion of the court, speaks to the same effect:  "It is only where the ruling of the court is such as strikes at the root of the case and precludes the plaintiff from a recovery, that we will undertake to review the action of the court below after a voluntary non-suit.  A contrary practice would encourage parties to appeal upon every trivial decision of the court, and thus keep the matter in controversy in endless litigation."   33 Mo. 87; 19 Mo. 647; 32 Mo. 322.

It would be vain in the court to consume its time in settling questions relating to the measure of damages, when the plaintiff, by his voluntary act in withdrawing his case, renders it impossible to know whether they would have ever come before the trier of facts for con-

sideration. If the plaintiff maintains his action by a verdict or finding of recovery, and fails to obtain the damages he is legally entitled to, it will be time enough then to consider instructions which may possibly have curtailed the amount of his recovery. If the verdict goes against him, it is evident that he cannot be injured by an erroneous ruling relating merely to the amount of damages incident to the rights of recovery in his cause of action.

In our opinion the judgment should be affirmed, and it is so ordered. All concur.