LAURA D. LINDSLEY v. CLINTON L. CALD-
WELL, Appellant.

(No. 2.)

Division Two, May 23, 1911.

1. **ESTABLISHING TRUST:** Trustee Retaining Title to Force
Payment of Debt. Where plaintiff furnished the money by
which the real estate was acquired and thereby became its
equitable owner, and as a matter of convenience it was con-
veyed to defendant with the understanding that he was to hold
it in trust for plaintiff, and in pursuance to that understanding
he executed a declaration of trust in plaintiff's behalf and deliv-
ered it to her agent, defendant cannot thereafter retain the
title and refuse to convey to plaintiff, on the sole ground that
plaintiff's agent was indebted to him in a large sum and re-
fused to acknowledge the debt in writing, even though de-
fendant was the confidential attorney and adviser of the agent
in all the financial transactions which resulted in putting the
ownership of the property in plaintiff. In such case defend-
ant is without any right, title or interest in the property.

2. **STRIKING OUT ANSWER:** Evidential Matters. The court
does not err in striking out from defendant's answer evidential
facts and circumstances, which, so for as they are relevant and
material to the issues, can be introduced as evidence under the
answer after they are stricken out.

3. **ESTABLISHING TRUST:** To Defraud Creditors: Defense.
Where the title was placed in defendant as a matter of tempo-
rary convenience, under his advice, and in pursuance of a
declaration of trust in behalf of plaintiff executed by him, the
defense that the title was put in him to defraud and hinder
creditors of either plaintiff or her agent, is not open to him.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel G. Taylor,* Judge.

AFFIRMED.

*R. F. Walker* for appellant.

(1) The rule is that if a plaintiff, in order to
make out his cause of action, is required to show that
the contract sued upon is for any reason illegal, the
court should not enforce it whether pleaded as a de-

fense or not. But when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and must have been pleaded in order to be available. School Dist. v. Sheidley, 138 Mo. 672; Agr. Assn. v. Delano, 108 Mo. 217; Musser v. Adler, 86 Mo. 446; Gibson v. Jenkins, 97 Mo. App. 27; Burnham v. Boyd, 167 Mo. 185; Bank v. Rohrer, 138 Mo. 380. (2) A motion to strike out confesses the facts and the only question, therefore, is, do the facts stated constitute a defense. Munford v. Keet, 154 Mo. 36; Wonderly v. Lafayette County, 150 Mo. 647. A motion to strike out a paragraph should be denied if any portion of it is relevant or responsive or if the averment be merely defective. Such motions are not favored, especially in equity causes or where the moving party is not prejudiced by the matter pleaded, or where the striking out of allegations will measurably weaken the force of material facts sought to be stated or will render what is left unintelligible. 31 Cyc. 616, 637, 642 and 643. (3) A sheriff's sale under execution may be shown to be collusive or fraudulent, and that there was a secret reservation of a trust in favor of the execution debtor with the consent of the purchaser. Dallam v. Bowman, 16 Mo. 225. (4) If this action had been instituted against Stevenson and he had set up the defense of fraud, upon proof of same a court of equity would have left the parties where it found them. If this rule is applicable in a suit against Stevenson to recover this property, then it is applicable in a suit against the appellant, who is in privity with him. In fact any one (although not a creditor or in privity with a creditor) against whom an action is brought growing out of or based upon an executory contract, may plead fraud as a defense. The doctrine of *in pari delicto* applies to such cases in all of its fullness. Mitchell v. Henley, 110 Mo. 604; Laramore v. Tyler, 88 Mo. 661; Fenton v. Harmon, 35

Mo. 409; Sell v. West, 125 Mo. 621.   (5)   Fraud, in
common with the highest crimes known to the law, is
commonly made out by circumstantial or presumptive
evidence.   Burgert v. Brochert, 59 Mo. 80; Muenks
v. Bunch, 90 Mo. 500; Frederick v. Allgaier, 88 Mo.
598; Klauber v. Schloss, 198 Mo. 502; King v. Moore,
42 Mo. 551; Ross v. Crutsinger, 7 Mo. 245.   (6)   To
permit a recovery by respondent if Stevenson be the
real party in interest, would operate to exclude appel-
lant from setting up several possible defenses he might
interpose against the suit of Stevenson, which are
clearly not admissible against the suit of respondent.
Williams v. Whitlock, 14 Mo. 552.   (7)   A judgment
or decree must always be based upon, consistent with
and embraced in the pleadings.   Newham v. Kenton,
79 Mo. 382; Schneider v. Patton, 175 Mo. 684; Roden
v. Helm, 192 Mo. 71.

*Bond, Marshall & Bond* and *Daniel Dillon* for re-
spondent.

(1)   Defendant Caldwell attempted in his an-
swer, and he now attempts in his brief, to defend this
action on the theory that the land in question in this
suit really belonged to Stevenson, and that the legal
title was placed in Caldwell for the purpose of hinder-
ing, delaying and defrauding the creditors of Steven-
son.   Even if the facts were as he alleges, they would
constitute no defense to this suit.. Where a transfer
of property is made from a client to his attorney
(especially when made under the advice of the latter),
for the purpose of defrauding creditors, the parties
are not regarded as *in pari delicto* and the client will
be relieved if it can be done without injury to an inno-
cent purchaser.   3 Am. and Eng. Ency. Law, p. 338;
4 Cyc. 962; Ford v. Harrington, 16 N. Y. 285; Good-
enough v. Spencer, 46 How. (N. Y.) 347; Place v.
Hayward, 117 N. Y. 495; Herreck v. Lynch, 150 Ill.

283; 1 Story, Eq. Jur. (13 Ed.), secs. 310, 313. Caldwell is not in a position, as a creditor of Stevenson, to question the good faith of the transfer of any property by Stevenson. At best, defendant Caldwell has a claim for services which is denied by Stevenson. He has not reduced his claim to judgment, or even attempted to do so. Davidson v. Dockery, 179 Mo. 689; Crim v. Walker, 79 Mo. 335; Kent v. Curtis, 4 Mo. App. 121. (2) If defendant Caldwell could have successfully defended this action by proving that the property in question really belonged to Stevenson and that the title had been placed in Caldwell in order to hinder and delay and defraud the creditors of Stevenson, then Caldwell, if he wished to establish this defense, should have appeared at the trial of said cause and offered evidence to prove said facts. This he utterly failed to do. The action of the court in striking out parts of his amended answer did not deprive him of the right to introduce such evidence. After the motion to strike out parts of the amended answer had been sustained there was still more than enough of the answer left to admit all competent evidence tending to prove said facts. Fulkerson v. Mitchell, 82 Mo. 20; Acock v. Acock, 57 Mo. 156; Roth Tool Co. v. Springs Co., 122 Mo. App. 606. The parts stricken out were either irrelevant to any issue in the case, or they were statements, not of substantive facts constituting a defense, but merely of evidence by means of which defendant thought he could prove the substantive facts alleged in the answer. That it is not proper to plead evidence, but only substantive facts, is undisputed law. R. S. 1899, secs. 610 and 615; Alcorn v. Railroad, 108 Mo. 91; Russell Grain Co. v. Railroad, 114 Mo. App. 493. (3) The evidence amply justified the decree, and the judgment being clearly for the right party, should not be disturbed. Williams v. Mitchell, 112 Mo. 315; Cass County v. Bank, 157 Mo. 137; Cass Co. v. Ins. Co., 185 Mo. 18; Railroad v. Stoop, 200 Mo. 219; Carr v. Rail-

road, 195 Mo. 224; Foster v. Railroad, 112 Mo. App. 73.

FERRISS, J.—Plaintiff filed a bill in equity in the circuit court of the city of St. Louis against Clinton L. Caldwell and Otta C. Steele, defendants below, to recover certain parcels of land located in the city of St. Louis, described in the petition. The bill alleges that one Stevenson, agent for plaintiff, agreed with defendant Caldwell that the latter should take the title to said real estate in his own name and sign and execute a deed, with the name of the grantee in blank, and deliver same to said Stevenson, agent for plaintiff; that under said agreement said Stevenson was to fill in plaintiff's name in said deed, or the name of a corporation in which she owned a great majority of stock; that the property so transferred was secured with the money furnished by plaintiff, and was deeded to Caldwell in pursuance of said trust agreement, without any consideration being paid therefor by Caldwell; that said Caldwell violated said trust agreement and fraudulently executed a deed to said property in blank to a real estate trust company in the city of St. Louis, without the knowledge of plaintiff or her said agent, Stevenson.

The bill further states that defendant Caldwell, with fraudulent intent to convert said property to his own use, conveyed the same to one Mrs. Otta C. Steele, a sister of said Caldwell, without any consideration being paid therefor by said Steele, the said Caldwell well knowing that plaintiff was the equitable owner of said property and that her money had paid for same; that the defendant, Otta C. Steele, was acting under the influence and control of defendant Caldwell, and conniving with him in this matter.

The bill prayed the court to decree the defendants Caldwell and Steele as trustees of plaintiff, and

to order defendants to convey said property to plaintiff.

To this bill Mrs. Otta C. Steele, defendant, filed a separate answer in which she stated that no delivery of said deed from Caldwell was ever made to her; that she was ready to release and quitclaim said premises the same as if said deed had not been filed, and was ready to tender her said release and quitclaim; that she had no desire to hold said property for any purpose.

An amended answer was filed by defendant Caldwell, in which he alleged that plaintiff had no title, right or interest in the subject-matter of the suit, and that she was unlawfully confederating with one William H. Stevenson and putting herself forward in the place and stead of said Stevenson, who was the real party in interest, and that all of the transactions, matters and things alleged in the said answer are connected with the false and fraudulent exploiting of the plaintiff as the pretended owner of the subject-matter of the suit. The answer then proceeds to set out at great length sundry facts tending to show that said Stevenson was insolvent; that he had been engaged in a great many financial and real estate transactions, the details of which are set out at length in the answer, and that the result of said transactions was that the properties involved in this case were transferred without consideration to one Charles Whitehead, who was procured by defendant Caldwell, by direction of Stevenson, to serve as a straw man, and who executed certain mortgages on said property, and then conveyed, without consideration, the title to defendant Caldwell, by and with the authority of said Stevenson, and with intent to constitute said defendant a trustee of said property for the use and benefit of Stevenson, and to conceal the same from levy, seizure and sale by Stevenson's creditors, and to hinder, delay and defraud his creditors; that the claim of ownership of

said property by the plaintiff was made in pursuance
of the aforesaid policy of Stevenson to cover up and
conceal the real ownership thereof in order to hinder,
delay and defraud his creditors; that by collusion with
plaintiff said Stevenson falsely pretended ownership
in her of said property; that she, plaintiff, became a
party to Stevenson's scheme to hinder, delay and de-
fraud his creditors, and participated in and conspired
with Stevenson for perpetrating such frauds; that the
defendant was employed by Stevenson as his counsel
and attorney in and about the matters connected with
the preservation of Stevenson's property, and de-
fending the same from levy, seizure and sale by his
creditors, including the real estate described in plain-
tiff's petition; that defendant's employment continued
from 1901 until the time of the filing of this suit (1905),
and that his compensation therefor was by agreement
with Stevenson to be ''liberal pay if successful, and
no pay if unsuccessful;'' that during the four and a
half years' employment defendant rendered valuable
and very considerable services to Stevenson in that
behalf, with successful issue, and that he presented
his bill for services to said Stevenson for $15,000, pay-
ment of which was and is refused; that he, Caldwell,
conveyed the property in question to his sister, Mrs.
Otta C. Steele, because it was necessary for him to
make a conveyance of this property to some person
in his control to prevent the said Stevenson from de-
frauding the defendant of this property before Steven-
son should pay off and discharge his indebtedness to
defendant for professional services as aforesaid.

On motion of the plaintiff, a large part of the
answer of defendant Caldwell was stricken out, to
which action of the court the defendant objected and
still objects, and further says that this action of the
court constituted reversible error.

The case went to trial, and evidence was intro-

234 Sup.—33

duced by the plaintiff to sustain her cause of action. Defendant Caldwell did not appear at the trial. Portions of his depositions, however, were read in evidence by the plaintiff. Mrs. Otta C. Steele, defendant, appeared by attorney, disclaimed any interest in the land, produced and offered to deliver to the court a quitclaim deed from herself and husband, and deposited said deed with the clerk of the court, to be held subject to the orders of the court.

The plaintiff introduced testimony tending to show that she was the owner of the property in controversy. There was also introduced the deed to this property from Charles Whitehead to defendant Caldwell, also a declaration of trust, signed and executed by said Caldwell, in favor of the plaintiff. Plaintiff also introduced evidence tending to show that certain transactions were had in St. Louis in her behalf by her agent, W. H. Stevenson, by virtue of which she became the owner of these two pieces of property; that it was necessary that some mortgages should be placed upon this property; that in order to procure the making of such mortgages, as a matter of convenience and without any fraudulent or improper purpose, the property, on the 12th of December, 1904, was conveyed to Charles Whitehead, who on the same day executed two mortgages on the property, after which, on the same day, Whitehead conveyed the property to defendant Caldwell, and on the 15th day of December following Caldwell executed and delivered to Stevenson a declaration of trust, reciting the execution by Whitehead of the deeds aforesaid, and declaring that he, Caldwell, held the title for the benefit of Laura D. Lindsley, of New Haven, Connecticut.

Defendant Caldwell admitted in his testimony that in all of the transactions of Stevenson detailed in evidence he was Stevenson's attorney and confidential adviser, and that he was familiar with all of the transactions. He testified in effect that he refused to

turn the property over until Stevenson would admit in writing that he owed defendant $15,000 for services; that he did not hold the property as security for his alleged claim, but simply to compel Stevenson to make the desired written admission of his obligation to pay for said services.

I. The evidence clearly and satisfactorily establishes the following facts: (a) That the equitable ownership of the property in controversy was in the plaintiff, Mrs. Lindsley; (b) that the property was conveyed to defendant Caldwell as a matter of convenience, with the understanding that he was to hold it in trust for plaintiff, and that in pursuance of this understanding he executed and delivered to Stevenson a declaration of trust in her behalf; (c) that defendant did not claim ownership of or any interest in the property, and that he retained it for the sole purpose of forcing Stevenson to acknowledge in writing that he owed defendant $15,000; (d) that defendant Caldwell was the confidential attorney and adviser of Stevenson during all of the financial transactions which resulted in putting the ownership of the property in controversy in plaintiff.

This case was submitted together with the case between the same parties, reported at page 498 of this Report. The two cases are substantially alike, except as to the property involved in each. In both cases the property is claimed by Mrs. Lindsley. In both cases the defendant, Caldwell, retained the property upon the sole ground that he desired thereby to force Stevenson to settle with him for his fees. In both cases the defendant is without any right, title or interest in the property as such. What we said in the other case applies equally to this. It may be said, however, that this case is even stronger in favor of the plaintiff, because of the declaration of trust in her behalf executed by the defendant, and which leaves

him without a shadow of pretext for retaining the property.

II. One question is presented in this case not involved in the other, and that is whether the court committed error in striking out certain portions of defendant's answer. We have not set out the answer in full. It is very voluminous. The parts stricken out by the court detail at great length various evidential facts and circumstances which, so far as they were relevant and material to the issues, could be introduced as evidence under the answer as it remained after said parts were stricken out, and, therefore, no error was committed by the court in that regard.

By his own admissions the defendant, acting as confidential attorney and adviser of the agent of plaintiff, with knowledge of all the facts and the relations of the parties, received on his own advice, title to property belonging to plaintiff, as a mere matter of temporary convenience. Upon receiving the title, he takes advantage of the confidence which had been reposed in him, and refuses to surrender the title until a very large and vague claim on his part for services as such attorney is recognized. It is not open to him to defend on the ground that the title was put in him to hinder and defraud creditors, if such were the fact. See authorities cited in Lindsley v. Caldwell, *ante,* page 498.

The evidence sustains the petition, and the judgment is affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.