CHARLES P. WONDERLY, Respondent, v. LOUIS C. HAYNES, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 8, 1911. Opinion Filed July 15, 1911.

1. NON-SUIT: Involuntary: Compelling Election Between Counts of Petition. Where the court sustained a motion to require plaintiff to elect upon which of two counts in his petition he would stand, to which ruling plaintiff duly excepted, a non-suit taken by him as to the count he did not elect to stand upon was an involuntary non-suit, although he stated he would take a voluntary non-suit, since it was forced on him by an adverse ruling of the court.

2. **PLEADING: Election Between Counts: Bills and Notes: Action on Note.** A petition in a action on six notes was in two counts, the first count being based on a note for $2500, and the second count on five notes for $500 each, judgment being demanded on each count for $2500. There was evidence for plaintiff tending to prove that the five notes were given on condition that if the $2500 note was not paid, they should be held as collateral for its payment; defendant claiming, however, that the five notes were accepted in payment of the $2500 note. *Held*, that the two counts were not so inconsistent that proof of one disproved the other, so that it was error to compel plaintiff to elect, after the evidence was in, upon which count he would stand; it being for the jury to determine which of them had been sustained.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED AND REMANDED.

*Abbott, Edwards & Wilson* for appellant.

(1) If it was an error to sustain defendant's motion to elect, it was a harmless one. Instead of electing on which count he would stand he voluntarily dismissed the second count of his petition. (2) The court did not err in requiring plaintiff to elect. Brinkman v. Hunter, 73 Mo. 172; Enterprise Soap Works v. Sayers, 51 Mo. App. 315.

*Vital W. Garesche* for respondent.

(1) The mere fact that the record calls the non-suit "voluntary" does not make it so, and the law provides that where the action of the court is such as to preclude a recovery upon a given count, a non-suit as to that count is involuntary, whether it is called "voluntary" or "involuntary." Bank v. Gray, 146 Mo. 570. (2) The non-suit taken in this case was taken after the motion to elect was sustained by the court and the latter action by the court was such an adverse ruling as to be conclusive upon the plaintiff at that time. McElroy v. Ford, 81 Mo. App. 500.

(3)   A party plaintiff may plead his cause in as many counts as he chooses, provided they are not repugnant with each other, and leave it to the jury as to which one he is entitled to recover on.   Lancaster v. Ins. Co., 92 Mo. 467; Rinard v. Railroad, 164 Mo. 284; Brinkman v. Hunter, 73 Mo. 172; Straub v. Eddy, 47 Mo. App. 189; Light & Heating Co. v. Dowd, 47 Mo. App. 446; Life Ins. Co. v. Ranken, 162 Fed. 106.

REYNOLDS, P. J.—The plaintiff instituted this action against defendant on May 19, 1909, on six promissory notes due in 1893 and 1894.   The petition is in two counts, the first on a note for $2500, the second on five notes for $500 each.   A judgment was demanded on each count for $2500.

In answer to the first count, after a general denial and a plea of the ten-year Statute of Limitations and of payment, there is a plea of a discharge in bankruptcy.   The answer to the second count, after a general denial, is the plea of the ten-year statute and of the discharge of defendant in bankruptcy.

The reply, after a general denial of the new matter, avoids the statute by a plea that defendant has not been a resident of this state for the past ten years or thereabouts and for that period was out of the jurisdiction of the courts of this state.   To the plea of the discharge in bankruptcy, there is a denial that the discharge covers these notes.

On a trial of the cause before the court and a jury, there was evidence tending to prove that the five notes mentioned in the second count of the petition were given on condition that if the $2500 was not paid that these five notes were to be held as collateral for the payment of the $2500 note, defendant on his part contending, however, that the five notes were taken in payment and discharge of the $2500 note.

At the close of the testimony in the case, defendant's counsel moved that plaintiff be required to

elect on which count of the petition plaintiff would stand. The court sustained the motion, to which action plaintiff, by counsel, then and there duly excepted and thereupon stated that he would take a voluntary non-suit as to the second count of the petition and stand on the first count. The jury returned a verdict on the first count in favor of defendant, whereupon plaintiff filed a motion for new trial, in which the fourth ground assigned is, "the court erred in sustaining the defendant's motion to compel the plaintiff to elect which of the two counts of his petition he would stand on; under the conflict of evidence it was a matter for the jury to determine which of the two sets of notes were the real obligation." The court sustained the motion for a new trial and awarded one on this fourth ground, to which action defendant, by counsel, duly excepted and has perfected his appeal to this court.

It is claimed by counsel for appellant that the non-suit was voluntary and that therefore plaintiff has no cause to complain and that the action of the court in setting aside the verdict and granting a new trial on the fourth ground assigned was error. We cannot agree to this. While it is stated that the non-suit was voluntary as to the second count, it is evident that that is not a fact; it was a non-suit forced on plaintiff by the adverse ruling of the court, compelling him to elect, to which ruling exception was duly saved. So the trial court evidently held. The two causes of action stated in the petition are not so inconsistent that the proof of one disproved the other. While it may be true that plaintiff is not entitled to recover on all six of the notes and can recover only $2500, it was for the jury to say, under the evidence in the case, which of these counts had been sustained. There was evidence in support of each, and on which the jury had a right to determine between them.

We find no error in the action of the trial court in sustaining the motion for new trial on the ground assigned. The plaintiff should have leave, on motion, to set aside the non-suit as to the second count, as having been taken involuntarily. The judgment of the circuit court granting a new trial is affirmed and the cause is remanded for further proceedings in accordance with this opinion. *Nortoni* and *Caulfield*, *JJ.*, concur.