INTERNATIONAL HARVESTER Co., APPELLANT, v. VICTOR McLAUGHLIN, RESPONDENT.—52 S. W. (2d) 227.

Kansas City Court of Appeals. July 5, 1932.

*Clark, Boggs, Cave & Peterson*, and *Harry T. Limerick, Jr.*, for appellant.

*Irwin & Bushman* and *Baker & Baker* for respondent.

BLAND, J.—This is a suit in four counts, each covering a promissory note in the sum of $272.50, executed by defendant on January

23, 1929, in favor of F. M. Hafner or order. The notes were payable on or before the first day of August, 1929, the first day of October, 1929, the first day of April, 1930 and the first day of October, 1930.

The petition alleges that before maturity plaintiff purchased said notes for value, and in due course, and is now their owner and holder. The notes were given to cover a part of the purchase price of a tractor sold by Hafner to defendant under a warranty. The answer pleads that the warranty was breached; that the consideration for the sale of the tractor failed; that although the name of Hafner was written in the notes as payee, they were, in fact, executed and delivered to Hafner as the agent of the plaintiff and that, therefore, plaintiff was not the purchaser for value in due course.

At the conclusion of all of the testimony plaintiff offered a peremptory instruction, which the court refused to give. Whereupon, plaintiff, by leave of court, took a nonsuit but moved to set the same aside. On the same day plaintiff filed a motion to set aside the nonsuit, which motion the court overruled. Plaintiff has appealed.

Defendant raises the point that plaintiff is not entitled to prosecute this appeal for the reason that the nonsuit was voluntary. Plaintiff contends to the contrary. We think that defendant's contention must be sustained. It is well established in this State that a plaintiff may not take a voluntary nonsuit and appeal but, in order that there be an appeal, the nonsuit must be involuntary, and that it is not involuntary so long as the rulings of the court leave plaintiff a substantial cause of action. In order for the nonsuit to be involuntary the adverse rulings of the court must be on some question precluding plaintiff's right of recovery. [Roeder v. Shryock, 61 Mo. App. 485, 487; Gentry Co. v. Black, 32 Mo. 543; Chiles v. Wallace, 83 Mo. 84; Chouteau v. Rowse, 90 Mo. 191; Thompson & Sowers v. Allsman, 7 Mo. 531; Dowd v. Winters, 20 Mo. 361; Leimer v. Pac. R. R., 26 Mo. 26; Wonderly v. Haynes, 159 Mo. App. 122; Koger v. Hays, Admr., 57 Mo. 329; State ex rel. v. Iron Co., 83 Mo. 138; Loring v. Cook, 60 Mo. 564; Layton v. Riney, 33 Mo. 87; Overall v. Ellis, 32 Mo. 322, 328; Williams v. Finks, 156 Mo. 597.] Corpus Juris similarly states the rule. [18 C. J., pp. 1147, 1149.]

In the case of Hageman v. Moreland, 33 Mo. 86, the plaintiff took a nonsuit when the court overruled plaintiff's motion to strike out defendant's answer, the court said, l. c. 87:

"In the present posture of the case, we can give no opinion upon the merits. The plaintiff was under no necessity to take a nonsuit. The court has made no decision, which necessarily precludes him from a recovery, for if it be admitted that the answer which the court refused to strike out presented a complete bar to the action,

yet it by no means follows that the defendant could or would have sustained the same by proof on the trial of the cause. If he had not, the answer could have done the plaintiff no harm.

"It is only where the action of the court, on the trial, is such as to preclude the plaintiff from a recovery that it is proper to suffer a nonsuit. In no other case will this court interfere, as has been decided again and again."

In the case of Layton v. Riney, supra, l. c. 88, 89, the court said:

"The plaintiffs were under no necessity to take a nonsuit, for the court had made no decision which necessarily precluded them from a recovery. It is only where the ruling of the court is such as strikes at the root of the case and precludes the plaintiff from a recovery that we will undertake to review the action of the court below after a voluntary nonsuit. A contrary practice would encourage parties to appeal upon every trivial decision of the court and thus keep the matter in controversy in endless litigation."

There was nothing in the action of the court in the case at bar in refusing plaintiff's directed verdict that precluded plaintiff's right of recovery. Plaintiff could have proceeded with the cause, submitted no other instructions than its peremptory one, or it could have offered instructions on the merits upon its theory of the case. Of course, the verdict would not necessarily have been adverse to plaintiff. The refusal of the peremptory instruction did not stop the trial so far as plaintiff was concerned. It could have proceeded.

The case upon which plaintiff seems to lay the greatest stress is that of Scott v. American Zinc, Lead & Smelting Co., 187 Mo. App. 344. In that case the court said, l. c. 358:

"We can conceive of no ruling that would be more preclusive of a plaintiff's recovery than for the court to refuse to submit the issues to the jury on instructions which correctly state the law of the case with respect to the facts in evidence. The refusal of all of plaintiff's instructions in the case under consideration was tantamount to the giving of a peremptory instruction against him, provided his instruction correctly declared the law of the case with respect to the evidence adduced."

However, the court later determined that plaintiff's refused instructions would have been erroneous if given and, therefore, they were properly refused. While we may not agree with the statement of the court that the refusal of plaintiff's instructions was tantamount to the giving of a peremptory instruction against him, the facts in the case at bar are different. It is quite apparent that the refusal of plaintiff's peremptory instruction was not equivalent to the giving of one against it.

Of course, plaintiff has our full sympathy when it says in its brief:

*"If this be determined a voluntary nonsuit and not an involuntary nonsuit, then hereafter in Missouri courts a plaintiff will be denied the right of having an appellate court pass upon the correctness of his peremptory instruction unless he forfeits his right to submit his case to a jury under instructions covering his theory of the case."*

If plaintiff had gone to the jury it could have brought the case here by appeal. However, if it had requested instructions upon the merits, then it would have waived its peremptory instruction. [Lindsley v. Caldwell, 234 Mo. 507; Thomas v. Boatright, 245 S. W. 211; Kincaid v. Estes, 262 S. W. 399.] This condition of affairs is brought about by the position that plaintiff takes in bringing the suit. He is not in the same situation as the defendant. The latter is brought into court against his will and if the court makes a ruling against him he cannot bring about a dismissal of the cause, but is compelled to go on and, under such circumstances, it is held that he does not waive his demurrer to the evidence by offering instructions on the merits. [Everhart v. Bryson, 244 Mo. 507.] However, plaintiff is not in such an unfavorable position. He may dismiss at any stage when he finds that the rulings of the court are going against him. This favorable position in which plaintiff is situated often works an injustice upon defendant. A plaintiff can prosecute his suit to the point where it becomes apparent that a judgment will be entered against him on the merits and then take a voluntary nonsuit and bring another action against the defendant, requiring the latter to go to the expense of another lawsuit. Situations can be imagined where a plaintiff, by dismissing his suit under such circumstances, can practically force defendant to bring a suit against him, such as where a suit is brought to quiet title and is dismissed by plaintiff, defendant might be forced to bring an action against plaintiff in order to quiet his own title. However, matters such as these are for the attention of the Legislature.

The Supreme Court has positively ruled time and time again that in order for the plaintiff to take a nonsuit that is involuntary, the court must make a decision which necessarily precludes him from a recovery. It is quite apparent that the action of the court in refusing to give plaintiff's directed verdict did not preclude him from the right of recovery in this case. Following the rulings of the Supreme Court, which we are required to do in all cases, we must hold that the nonsuit was voluntary and plaintiff was not entitled to appeal. The judgment is affirmed. *Trimble, P. J.,* concurs; *Arnold, J.,* absent.